UNITED STATES of America, Appellee,

v.

Gardner L. CRISP, a/k/a "Crum", a/k/a "Mr. T", Appellant.

No. 86–5539.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 7, 1986.

Decided May 6, 1987.

John Flowers Mark (Michael S. Lieberman; John Kenneth Zwerling; Zwerling, Mark, Ginsberg & Lieberman, Alexandria, Va., on brief), for appellant.

Tommy E. Miller, Asst. U.S. Atty., Norfolk, Va., (Henry E. Hudson, U.S. Atty., Alexandria, Va., on brief), for appellee.

Before WIDENER and PHILLIPS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

WIDENER, Circuit Judge:

Defendant Gardner Crisp appeals from his conviction on account of the district court's denial of his motion to strike portions of his presentence investigation report or, in the alternative, to allow him to withdraw his guilty plea. We affirm.

Crisp was indicted on an indictment filed November 20, 1985, along with nine other defendants, on one count of conspiracy to distribute cocaine, 21 U.S.C. § 846; eight counts of distribution of cocaine, 21 U.S.C. § 841(a)(1); and one count of income tax evasion, 26 U.S.C. § 7201. On January 17, 1986, Crisp entered into a plea agreement with the government in which he agreed to plead guilty to the conspiracy and income tax counts, forfeit certain property and testify truthfully against the other co-conspirators. Crisp pleaded guilty and was found guilty on January 17th. In return, the government agreed to drop the remaining charges, and also agreed that statements made by Crisp in his debriefing would not be used against him, even if he were to breach the agreement. Crisp's sentencing hearing was held on February 24, 1986. At the hearing, Crisp objected to certain information contained in the presentence report, and filed a motion entitled "Motion to Strike Portions of the Government's Version of the Offense, or in the Alternative, to Withdraw Defendant's Guilty Plea." The basis for this motion was Crisp's assertion that the government violated the plea agreement by including in the presentence report information from Crisp's debriefing which derived from Crisp under a grant of immunity. Specifically, Crisp objected to a statement in the report that the conspiracy brought roughly one kilogram of cocaine per week into the Tidewater area.[1] This figure was obtained from the debriefing of another conspirator, Charles Burnette, and was considered by the government to be the most accurate of the figures it possessed. Amounts stated by Crisp and a third defendant, F. Lee Wainwright, were substantially higher.[2] The motion was denied by the district court on the ground that the grant of immunity in the plea agreement did not extend to use of Crisp's statements for sentencing in this case.

---

1. Crisp also maintains that the presentence report makes direct use of his testimony in stating the amount of money Crisp made from his drug dealings. Due to our rationale in disposing of this case, it is not significant whether information in the presentence report came directly from Crisp, although we note that defendant Burnette apparently also stated the same amount of profit attributable to Crisp as did Crisp.

2. Crisp said that the conspiracy distributed 7 to 10 kilograms each month, Wainwright that 10 kilograms were brought in every two weeks. Since Wainwright gave his statements to the government on December 5, 1985, there is no question that the government could have included Wainwright's figures in Crisp's presentence report. Even were we to agree that the bargain was violated, then, this would be the most harmless of errors.

██ Although use of the lowest figure available would benefit Crisp, he maintains that use of Burnette's figure violated the plea agreement, which he reads as prohibiting *any use* of Crisp's statements against him. He argues that had he not agreed to cooperate Burnette would not have pleaded guilty [3] and the figures supplied by Burnette would not have been available to the government. Because we find that the grant of immunity did not reach the use of Crisp's statements for sentencing, we need not address the issue of whether use of Burnette's statements constitutes a derivative use of Crisp's testimony, which theory seems suspect in any event.

Crisp's immunity was granted in the plea agreement by the deletion of a paragraph usually included in such agreements. This paragraph reads as follows:

Furthermore, it is agreed that in the event it is determined that your client has violated any provision of this agreement, all statements made by your client to this office or other designated law enforcement agents to this office or any testimony given by your client before a grand jury or other tribunal, whether prior to or subsequent to this agreement, or any leads from such statement or testimony shall be admissible inevidence in any and all criminal proceedings hereafter brought against your client. Furthermore, your client shall assert no claim under the United States Constitution, any statute, Rule 11(e)(6) of the *Federal Rules of Criminal Procedure*, Rule 410 of the *Federal Rules of Evidence* or any other federal rule that statements made by your client prior to or subsequent to this agreement, or any leads therefrom should be suppressed. It is theintent of this agreement to waive any and all rights in the foregoing respects.

The plea agreement includes the following paragraph, which may or may not have replaced the removed paragraph above referred to:

It is further understood that your client must at all times give complete, truthful and accurate information and testimony and must not commit any further crimes whatsoever. Should your client commit any further crimes or should it be determined that your client has deliberately given false, incomplete or misleading testimony or information, or otherwise violated any provision of this agreement, your client shall thereafter be subject to prosecution for any federal criminal violation of which this office has knowledge, including but not limited to perjury and obstruction of justice. Your client further agrees to submit to a polygraph examination at the request of the United States Attorney.

Of equal or more significance, the plea agreement also contains the following language:

However, this office will inform the sentencing judge and the probation department of: (1) this agreement; (2) the nature and extent of your client's activities with respect to this case; ... (4) all other information in its possession relevant to the sentence.

██ Although the parties agree that the plea bargain gave Crisp the equivalent of use immunity under 18 U.S.C. § 6002, this case involves interpretation of the plea agreement, not merely the construction of § 6002, as defendant contends. Whatever may be the extent of § 6002 immunity, its scope, when conferred in a plea agreement, must be circumscribed by the words of the plea agreement itself. If the agreement were ambiguous, then the invocation of § 6002 might be useful in determining the scope of the defendant's immunity. But a reading of the plea agreement leaves no doubt that the government would not be required to withhold relevant information from the sentencing judge. Nothing in the agreement indicates that Crisp's statements could not be used in sentencing. Moreover, the plea agreement clearly states that the government would inform

---

**3.** Burnette, along with five other defendants, pleaded guilty on January 21, 1986, four days after Crisp entered his guilty plea.

the sentencing judge and the probation department of "the nature and extent of [Crisp's] activities with respect to this case", and "all other information in its possession relevant to the sentence." Certainly, the statements of Crisp himself would be information as to the nature and extent of Crisp's activities. And none should doubt that the statements of Crisp fall within the description of "all other information in [the government's] possession relevant to the sentence." "A more comprehensive word than 'all' cannot be found in the English language." *Moore v. Virginia Fire and Marine Insurance Co.*, 28 Grat. (69 Va.) 508, 516 (1877). So the information contained in Crisp's statements, which is "information ... relevant to the sentence," was properly given to the probation officer for inclusion in his report, whether the direct source was Crisp or someone else.

The district judge went over the plea agreement at length with Crisp and his attorneys at the January 17th plea hearing, and ascertained that no other promises had been made to Crisp in order to secure his plea. Clearly, if Crisp or his attorneys had contemplated that Crisp's statements were not to be made available to the sentencing judge in the presentence report, this would have been the time to object. It would have been a matter of little or no moment to include such a provision had it been intended. We emphasize, however, that we imply no opinion as to the validity of any such provision which might have been included, for there is some doubt as to the validity of such an agreement, which would amount to an agreement to withhold information from the court, in view of the government's duty to furnish complete and accurate information at sentencing. See *United States v. Reckmeyer*, 786 F.2d 1216, 1223 (4th Cir.1986). In light of the foregoing, Crisp's contention that his plea agreement prevents access by the sentencing judge to his later statements is without merit.

Equally meritless is Crisp's contention that the district judge erred by not recusing himself from the case after he expressed disbelief in some of the statements made by Crisp's attorneys.

Even if the record should show bias against an attorney, which is not shown here, it cannot serve to disqualify a judge unless it is of such a continuing and personal nature that it demonstrates bias against the party. See, *e.g., Davis v. Board of School Commissioners of Mobile County,* 517 F.2d 1044, 1050–52 (5th Cir. 1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). The district judge's offhand observations about the contentions of Crisp's attorneys do not even approach this level.

Because the reason for the motion to withdraw the guilty plea was the consideration of, and the turning over to the probation office of, the information contained in Crisp's statements, that motion was also without merit.

The judgment of conviction is accordingly

AFFIRMED.