LOGAN, Circuit Judge.
 

 Defendant Lorrie Ann Shorteeth appeals from the sentence entered on her plea of guilty pursuant to a plea agreement with the government. Defendant contends that the district court erred in determining her sentence in that it considered information that she disclosed in the course of cooperation with the government. The case presents an important issue of first impression under the Federal Sentencing Guidelines.
 

 The relevant facts are undisputed. Defendant was indicted on August 2, 1988, on five counts of conspiracy and possession with intent to distribute cocaine, and possession and use of firearms. Defendant subsequently entered into a written plea agreement with the government whereby she agreed to plead guilty to one count, possession with intent to distribute fifty-five grams of cocaine in violation of 21 U.S.C. § 841(a)(1). She also agreed to cooperate fully in investigation and prosecution of other individuals. In return, the government agreed to dismiss the remaining counts; to advise the district court, in connection with defendant’s sentencing, of the extent of her cooperation; and to institute no prosecutions against her for information she might reveal through her cooperation.
 
 [1]
 
 In addition, the plea agreement specifically provided that the agreement did not encompass sentencing.
 
 [2]
 

 
 *255
 
 On September 12, 1988, defendant entered her guilty plea as agreed. In the course of her debriefings defendant told federal agents that she had transported six ounces of cocaine from Los Angeles to Oklahoma City. Defendant’s probation officer also learned of this matter and mentioned it in defendant’s presentence report. Defendant’s counsel, by letter, objected to use of any information defendant disclosed in debriefings in computing the applicable guideline range for defendant’s sentence. The probation officer’s response was that the information was not used in computing the guideline range.
 

 The Federal Sentencing Guidelines contain a sentencing table in which applicable sentence ranges are established by combinations of various offense levels and criminal history categories. United States Sentencing Commission,
 
 Guidelines Manual
 
 ch. 5, pt. A, at 5.2 [hereinafter
 
 Guidelines
 
 ]. The offense level used to establish the appropriate sentence range is determined by adjusting an offense-specific base offense level.
 
 See id.
 
 § 1B1.1. For drug-related offenses, the primary determinant of the base offense level is the quantity of drugs involved in the offense.
 
 Id.
 
 § 2D.l.l(a)(3). In determining the quantity of drugs for computing the base offense level,
 
 Guidelines
 
 §§ lB1.3(a)(2)
 
 &
 
 3D1.2(d) require consideration of “all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction.” Based upon these guidelines and defendant’s prior admission to agents, the district court, over defense counsel’s objection, aggregated the fifty-five grams of cocaine from defendant’s conviction with the six ounces of cocaine disclosed during debriefing in arriving at the appropriate base offense level for defendant’s sentence. The six ounces of cocaine increased the offense level by four levels, an ultimate increase in sentence range from fifteen to twenty-one months to twenty-seven to thirty-three months. The court sentenced defendant to twenty-seven months imprisonment.
 

 On appeal, defendant argues that
 
 Guidelines
 
 § 1B1.8 prohibited the district court from using information she provided pursuant to her plea agreement in determining the applicable sentence range. We agree.
 

 I
 

 We must first address the government’s contention that defendant waived her opportunity to raise her
 
 Guidelines
 
 § 1B1.8 objection by failing to raise it in the district court.
 
 See
 
 Fed.R.Crim.P. 52(b). Failure to properly object to breach of a plea agreement at a sentencing hearing ordinarily does not waive the objection.
 
 United States v. Moscahlaidis,
 
 868 F.2d 1357, 1360 (3d Cir.1989);
 
 Paradiso v. United States,
 
 689 F.2d 28, 30 (2d Cir.1982),
 
 cert. denied,
 
 459 U.S. 1116, 103 S.Ct. 752, 74 L.Ed.2d 970 (1983). A
 
 Guidelines
 
 § 1B1.8 objection is closely analagous. Here, defense counsel did not specifically mention the
 
 Guidelines,
 
 but he did object to the district court’s consideration of the six ounces of cocaine on the ground that it would violate the plea agreement. Defense counsel also was obviously surprised by the district judge’s raising the issue when the probation officer had represented that the six ounces had not been used in computing the applicable sentence range. There is no indication in the record that either the district judge or counsel was aware of
 
 Guidelines
 
 § 1B1.8. Under the circumstances, we cannot say that failure to specifically raise a
 
 Guidelines
 
 objection amounts to waiver of the objection on appeal. This is especially so considering that the constitutionality of the
 
 Guidelines
 
 was in serious question at the time.
 

 II
 

 Before promulgation of the
 
 Guidelines,
 
 there was considerable doubt about the ability of parties, through plea agreements, to restrict the information available to the district court for sentencing determinations.
 
 See Moscahlaidis,
 
 868 F.2d at 1362;
 
 United States v. Crisp,
 
 817 F.2d 256, 259 (4th Cir.),
 
 cert. denied,
 
 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987);
 
 United States v. Reckmeyer,
 
 786 F.2d 1216, 1223-24 (4th Cir.),
 
 cert. denied,
 
 479 U.S. 850, 107 S.Ct. 177, 93 L.Ed.2d 113 (1986);
 
 *256
 

 United States v. Cook,
 
 668 F.2d 317, 320
 
 &
 
 n. 4 (7th Cir.1982);
 
 United States v. Block,
 
 660 F.2d 1086, 1091-92 & nn. 6-9 (5th Cir.1981), ce
 
 rt. denied,
 
 456 U.S. 907, 102 S.Ct. 1753, 72 L.Ed.2d 164 (1982); 18 U.S.C. § 3661 (no limitation may be placed on information a court may consider in imposing sentence); ABA Standards for Criminal Justice § 3 — 6.2 (1980) (prosecutor must disclose all information relevant to sentencing). But
 
 Guidelines
 
 § lB1.8(a) affirmatively prohibits the sentencing court from considering certain information:
 

 “Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and the government agrees that self-incriminating information so provided will not be
 
 used against
 
 the defendant, then such information shall not be used in determining the applicable guideline range,
 
 except to the extent provided in the agreement.”
 

 (emphasis added). The commentary to this section describes a situation very similar to the instant case:
 

 “Under this provision, for example, if a defendant is arrested in possession of a kilogram of cocaine and, pursuant to an agreement to provide information concerning the unlawful activities of co-conspirators, admits that he assisted in the importation of an additional three kilograms of cocaine, a fact not previously known to the government, this admission would not be used to increase his applicable guideline range, except to the extent provided in the agreement.”
 

 Id.
 
 Application Note 1.
 

 Resolution of this case requires us to determine whether the plea agreement provided that information defendant revealed would not be “used against” her and whether the agreement provided that such information could be “used in determining the applicable guideline range.” Therefore, we must interpret the meaning of both the terms of the plea agreement and the words of
 
 Guidelines
 
 § 1B1.8. Because the facts are undisputed, our review will be de novo.
 
 See Moscahlaidis,
 
 868 F.2d at 1360 (whether government conduct violates plea agreement is question of law); 18 U.S.C. § 3742(e)(2), (f)(1) (court of appeals determines whether guidelines were applied correctly).
 

 In this circuit, construction of a plea agreement requires determining what the defendant reasonably understood when she entered her plea.
 
 United States v. Pogue,
 
 865 F.2d 226, 227 (10th Cir.1989);
 
 United States v. Stemm,
 
 847 F.2d 636, 638 (10th Cir.1988);
 
 United States v. Greenwood,
 
 812 F.2d 632, 635 (10th Cir.1987). We will not allow the government to resort to a rigidly literal construction of the language of the plea agreement,
 
 Pogue,
 
 865 F.2d at 227;
 
 Greenwood,
 
 812 F.2d at 635, and we “cannot condone the Government accomplishing through indirect means what it promised not to do directly.”
 
 Stemm,
 
 847 F.2d at 638 n. 1.
 

 With these principles in mind, we believe that the government’s agreement that “no separate federal prosecutions will be instituted against [defendant] ... for conduct and acts committed by her related to information she provides the Government during ... debriefings,” I R.Supp. Tab 13, PI. ex. 6 at 11, is clearly encompassed within
 
 Guidelines
 
 § lB1.8(a)’s coverage of agreements “that self-incriminating information ... will not be used against the defendant.” The more difficult question in this case is whether the plea agreement provided for use of such information “in determining the applicable guideline range” within the meaning of
 
 Guidelines
 
 § lB1.8(a) in view of the plea agreement’s statement that there were “no agreements” concerning what sentence she would receive.
 
 See ante
 
 note 2.
 

 Other cases have considered the effect an agreement not to base a prosecution on or otherwise use information provided by a cooperating defendant has on use of that information in sentencing. Although an agreement not to provide information to the court in connection with sentencing may have been improper before the
 
 Guidelines,
 
 it was questionable whether the government could properly violate such an agreement.
 
 See Reckmeyer,
 
 786 F.2d at 1223-24;
 
 Cook,
 
 668 F.2d at 320. Cases
 
 *257
 
 that allowed the government to disclose debriefing information at sentencing frequently involved plea agreements with express provisions allowing the government to do so.
 
 See Crisp,
 
 817 F.2d at 258 (Government “will inform the sentencing judge ... [of] all ... information in its possession relevant to the sentence.”);
 
 Reckmeyer,
 
 786 F.2d at 1223 n. 7 (“It is a part of this agreement that the Government reserves its right to fully allocute at the time of sentencing.”). Needless to say, the plea agreement in this case is not that explicit.
 
 [3]
 
 Nevertheless, we believe the language and spirit of
 
 Guidelines
 
 § 1B1.8 require the agreement to specifically mention the court’s ability to consider defendant’s disclosures during debriefing in calculating the appropriate sentencing range before the court may do so. This is the most reasonable construction of the “except to the extent” language of § 1B1.8 and the commentary. It also would seem to promote the purposes of plea agreements requiring defendants’ cooperation with law enforcement authorities.
 

 One of § lB1.8’s most important advantages is that federal prosecutors can now assure potential informants that their statements will in no way be used against them. This advantage will be undercut if we allow ambush by broadly worded disclaimers. Government prosecutors are more likely to be aware of § lB1.8’s language than some defense lawyers, and prosecutors who want to have the court consider incriminating information revealed by defendants under cooperation agreements can bargain for such a provision. The full disclosure approach we require here will ensure defendants are not unfairly surprised by sentencing determinations and will allow both the defendant and the government to bargain with full information.
 

 Accordingly, the sentence imposed below is VACATED and the case REMANDED for further sentencing proceedings consistent with this opinion.
 

 [1]
 

 . The plea agreement provided:
 

 "This assurance that your client will not be subject to additional federal criminal prosecution for crimes committed in this judicial district is being given to ensure that the Government and the public will receive the full benefit of the knowledge and information in your client’s possession and her complete, candid and truthful testimony....”
 

 I R.Supp. Tab 13, PI. ex. 6 at 11 (emphasis in original).
 

 [2]
 

 . The plea agreement provided that “the Government at the time of sentencing will make known to the trial court the nature and extent of your client’s cooperation.
 
 There are no agreements whatsoever regarding what sentence your client will or should receive. Sentencing will remain in the sole discretion of the trial court.”
 
 I R.Supp. Tab 13, Pl. ex. 6 at 10 (emphasis in original).
 

 [3]
 

 . The language at issue was apparently designed to insure the agreement does not violate a local rule prohibiting plea agreements as to a particular sentence. W.D.Okla.R. 41(B) provides: ‘‘[T]his Court will not receive ... an agreement of the parties to a particular sentence or ... that the government will not oppose a defendant’s request for a particular sentence or ... that a specific sentence is the appropriate disposition of the case."