922 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward B. DAIL, Defendant-Appellant.
 No. 89-5761.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1990.
Decided Jan. 8, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-89-279-A)
 Stanley E. Baritz, Rockville, Md., for appellant.
 Paul George Cassell, Assistant United States Attorney, Alexandria, Va., for appellee; Henry E. Hudson, United States Attorney, Alexandria, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and MURNAGHAN, Circuit Judges, and EDWARD S. SMITH, Senior United States Circuit Judge for the Federal Circuit, Sitting by Designation.
 EDWARD S. SMITH, Senior Circuit Judge:
 
 
 1
 This is a criminal appeal from a sentence imposed by the United States District Court for the Eastern District of Virginia, Alexandria Division. Appellant is appealing a sentence he received pursuant to a plea agreement. He alleges that the government breached the plea agreement. We affirm.
 
 FACTS
 
 2
 Customs agents obtained an arrest warrant and a warrant to search appellant's residence in Virginia. During the search in November 1988, appellant admitted criminal involvement in distribution of anabolic steroids and agreed to cooperate with the investigation. He was indicted in the United States District Court for the Eastern District of Louisiana on March 3, 1989. He was arraigned and entered a plea and was released on bond.
 
 
 3
 After the arrest, appellant provided information that led to the arrest of others also involved in the illegal sale of steroids. In return for this information, the United States entered into a plea agreement with appellant. The United States agreed to make the trial court aware of the "full nature and extent" of appellant's cooperation and to delete portions of the confessions and other damaging information from the official case statement of facts. The government reserved the right to correct any discrepancies so that the court would have full and accurate knowledge of the case. The case was transferred to the Eastern District of Virginia[1] for the purpose of entering the guilty plea and sentencing.
 
 
 4
 On August 30, 1989, appellant entered a guilty plea to the Louisiana indictment of one count of using a fictitious name and smuggling, and to a criminal information filed in the Eastern District of Virginia that contained one count of mail fraud. The United States then submitted the entire file, including the deleted material, to the probation office for the preparation of the pre-sentencing report. The deleted information was used in the report, over appellant's objection, and the probation office filed the report with the sentencing judge.
 
 
 5
 At the sentencing hearing on November 3, 1989, appellant made a proffer of his version of the facts. The United States corrected inaccuracies in appellant's version, which implicated some of the material deleted from the statement of facts pursuant to the plea agreement. Appellant then alleged that the government did not comply with the agreement. Thereafter, the judge noted that the court was aware of the full extent of appellant's cooperation.
 
 
 6
 Partially relying on the information contained in the presentence report, the sentencing judge enhanced the sentence according to United States Sentencing Guidelines Sec. 4B1.3 (1989). Appellant was sentenced to fourteen months on each count, all to run concurrently, and was fined $4000. Appellant noted his appeal on November 13, 1989.
 
 ISSUES
 
 7
 1. Whether the United States breached the plea agreement at the sentencing hearing when the government did not express, directly to the sentencing judge, the importance of appellant's information and in correcting factual misrepresentations made by appellant concerning the extent of appellant's cooperation with the government.
 
 
 8
 2. Whether the United States breached the plea agreement when it gave the probation office the entire file containing appellant's admissions concerning the extent of his involvement in steroid trafficking which resulted in sentence enhancement to appellant.
 
 
 9
 3. Whether the findings made by the sentencing judge were sufficient.
 
 
 10
 Governmental Obligations Pursuant to the Plea Agreement
 
 
 11
 This court applies objective contract and agency principles to determine the enforcement of plea agreements.[2] While the government did not express the importance of appellant's information at the hearing, they informed the sentencing judge of the full extent of appellant's cooperation in several ways: through the probation officer in charge of the sentencing report; through the sentencing memorandum; and through proffers made in previous convictions in related cases before the same sentencing judge. Also, while the government did not make a proffer as to the extent of appellant's cooperation at the hearing, appellant did make this known through his own proffer. The agreement did not state how the judge would be made aware of the full extent of appellant's cooperation, only that the judge would be made aware of the extent of appellant's cooperation. The parties did not explicitly contract for the prosecution to make the proffer about the extent of appellant's cooperation. We hold that the judge was aware of the full extent of appellant's cooperation and that the government sufficiently complied with the agreement.
 
 
 12
 The government corrected factual misrepresentations made by appellant to the sentencing judge in his proffer. The government reserved the right in the agreement to explain the full nature and extent of appellant's cooperation. Under 18 U.S.C. Sec. 3661,[3] the government has a duty to bring the true nature of the information to the attention of the court.[4] Since the government has a duty to bring the full nature of the information to the attention of the court and it was not prohibited from doing so by the plea agreement, we conclude that the correction of factual misrepresentations is not a breach of the plea agreement.
 
 
 13
 Governmental Duty to Provide All Information for Sentencing
 
 
 14
 The government submitted the entire file, containing appellant's admissions that were deleted from the agreed statement of facts, to the probation office for a sentencing report. Appellant objects to the inclusion of the deleted material but parties do not have the authority to decide what information the report should contain.[5] The federal Sentencing Guidelines require that all conduct of the defendant may be considered in sentencing.[6] This court recently adopted the commentary of that section concerning drug distribution when we held that all facts, including material facts excluded from the plea agreement by the parties, should be considered in the presentencing report.[7] The government did agree and complied with the agreement to delete the admissions from the statement of facts. But this information may not be deleted from the case file. The probation office must receive all information and may take it into account when compiling its presentence report.[8] Therefore, we hold that the government's submission of the entire file to the probation office, including deleted admissions, was proper.
 
 
 15
 Proper Findings Made by the Sentencing Judge
 
 
 16
 The Federal Rules of Criminal Procedure require that the sentencing judge make findings as to the allegations or conclude that no such findings are necessary because the matter controverted will not be taken into account in sentencing.[9] The sentencing judge made a finding that the enhanced sentence[10] was necessary and warranted. He explicitly stated that he made a finding against appellant, but he was not required to articulate the supporting reasons.[11] The sentencing judge made the proper findings in the course of sentencing appellant.
 
 CONCLUSION
 
 17
 We hold that the government sufficiently met its obligations to appellant pursuant to the plea agreement and that the corrections to appellant's misrepresentations at the sentencing hearing were required by law. While appellant may not have expected the deleted material to be furnished to the probation office, we hold that the probation office is entitled to all information concerning appellant in preparation of the sentencing report. We also hold that the sentencing judge made the proper findings under the law in sentencing appellant.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Fed.R.Civ.P. 20
 
 
 [2]
 United States v. Fentress, 792 F.2d 461, 464 (4th Cir.1986); United States v. Mcintosh, 612 F.2d 835, 837 (4th Cir.1979)
 
 
 [3]
 Title 18 U.S.C. Sec. 3661 (1987) states:
 No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.
 
 
 [4]
 United States v. Crisp, 817 F.2d 256, 259 (4th Cir.) cert. denied, 484 U.S. 856 (1987); United States v. Reckmeyer, 786 F.2d 1216, 1223 (4th Cir.1986); United States v. Shorteeth, 887 F.2d 253, 255 (10th Cir.1989); United States v. Block, 660 F.2d 1086, 1091-92 (5th Cir.) cert. denied, 456 U.S. 907 (1981)
 
 
 [5]
 18 U.S.C. Sec. 3661 (1987)
 
 
 [6]
 United States Sentencing Guidelines Sec. 1B1.3(a)(2) (1989)
 
 
 [7]
 United States v. Jackson, No. 88-5144 (4th Cir. Sept. 6, 1989) (unpublished); see United States v. Guerrero, 863 F.2d 245, 250 (2d Cir.1988)
 
 
 [8]
 Jackson, supra, No. 88-5144
 
 
 [9]
 Fed.R.Crim.P. 32(c)(3)(d)
 
 
 [10]
 The appellant received an enhanced sentence because his conduct invoked the federal Sentencing Guidelines requirement that a defendant who engaged in a "pattern of criminal conduct" and "engaged in [criminal conduct] as a livelihood" shall receive an enhanced sentence level. United States Sentencing Guidelines Sec. 4B1.3 (1989)
 
 
 [11]
 United States v. Parrera, 842 F.2d 73, 76 (4th Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 102 (1988)