929 F.2d 695
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gardner L. CRISP, a/k/a Crum, a/k/a Mr. T., Defendant-Appellant.
 No. 90-7395.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 8, 1991.
Decided April 2, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. J. Calvitt Clarke, Jr., District Judge. (CR-85-35; CA-90-374)
 Gardner L. Crisp, appellant pro se.
 Robert Edward Bradenham, II, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gardner L. Crisp, a federal prisoner, appeals from the district court's order denying his motion for relief under 28 U.S.C. Sec. 2255. The district court denied the motion without a response from the defendants and without holding an evidentiary hearing. We affirm.
 
 
 2
 The facts germane to this appeal are quickly stated. Crisp, pursuant to a written plea agreement, pled guilty in 1985 to two counts of a superseding indictment charging him with conspiracy to distribute cocaine and tax evasion. Crisp's attorneys advised him prior to pleading guilty that the applicable parole guidelines made him eligible for parole after serving 24 to 36 months. The plea was accepted and Crisp was sentenced to 15 years, the maximum, on the conspiracy charge and 3 years, to run consecutively, on the tax evasion charge. At the time of sentencing it became apparent that Crisp would have to serve at least 100 months before becoming eligible for parole. Crisp appealed and this Court affirmed the conviction. United States v. Crisp, 817 F.2d 256 (4th Cir.), cert. denied, 484 U.S. 856 (1987). Crisp subsequently filed the present motion under Sec. 2255. He argues two grounds: (1) that he pled guilty with a misunderstanding of the consequences of the plea, and (2) that the plea was the result of ineffective assistance of counsel. The district court denied the motion and Crisp noticed a timely appeal.
 
 
 3
 To be valid, a guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). Where a defendant is represented by counsel during the plea and enters the plea on the basis of the advice of counsel "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). The test for effective assistance of counsel outlined in Strickland v. Washington, 466 U.S. 668 (1984), applies in the review of guilty pleas. Hill, 474 U.S. at 57. A movant must show that counsel's representation "fell below an objective standard of reasonableness," id., and that "but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59 (footnote omitted). The voluntariness issue is subsumed within the question of the effectiveness of counsel's assistance. Hill, 474 U.S. at 56. The determinative question on this appeal is thus whether counsel was ineffective for failing to properly inform Crisp about his parole eligibility.
 
 
 4
 Potential parole eligibility, absent special limitations, is a collateral, rather than a direct, incident of a guilty plea and consequently the defendant need not be informed about parole eligibility for the plea to be voluntary. Bell v. North Carolina, 576 F.2d 564, 565 (4th Cir.), cert. denied, 439 U.S. 956 (1978). See Hill, 474 U.S. at 56. However, while a defendant has no constitutional right to be informed of parole options prior to pleading guilty, if he is grossly misinformed about parole availability an ineffective assistance claim may be available. See United States v. Hanley, 906 F.2d 1116, 1121 (6th Cir.), cert. denied, 59 U.S.L.W. 3325 (U.S.1990); Sparks v. Sowders, 852 F.2d 882, 885 (6th Cir.1988) (and cases cited); Strader v. Garrison, 611 F.2d 61, 65 (4th Cir.1979).
 
 
 5
 Crisp alleges that his counsel informed him that he would, at most, be subject to 36 months of incarceration before being eligible for parole. He also admits in his motion, however, that he was aware that there was a possibility that he might face as much as 72 months of incarceration before becoming eligible for parole. While various courts have interpreted gross misinformation in different ways, we find that a disparity between defendant's maximum estimated parole eligibility date and the actual parole eligibility date of only approximately 33% does not rise to the level of gross misinformation.
 
 
 6
 In conclusion, because Crisp has failed to demonstrate that his plea was based upon gross misinformation concerning his parole eligibility, he is not entitled to habeas relief. Accordingly, we affirm the district court's denial of Crisp's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.