933 F.2d 1019
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Paul BOLAIN, Defendant-Appellant.
 No. 90-5194.
 United States Court of Appeals, Tenth Circuit.
 May 24, 1991.
 
 ORDER AND JUDGMENT**
 Before BALDOCK and BRORBY, Circuit Judges, and SHERMAN G. FINESILVER, District Judge.*
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant Larry Paul Bolain entered a conditional plea of guilty, Fed.R.Crim.P. 11(a)(2), to one count of possession of unregistered firearms, 26 U.S.C. Secs. 5841, 5861(d) & 5871. In exchange for the plea, the government agreed to dismiss the remaining counts of the indictment and to file a motion for a two-level downward departure in sentencing based upon defendant's assistance to the government. See U.S.S.G. Sec. 5K1.1, p.s. (substantial assistance to authorities). The district court dismissed the remaining counts of the indictment, granted the government's motion for a two-level downward departure and sentenced the defendant to thirty-six months imprisonment followed by supervised release for the same term. Defendant appeals,[1] claiming that the district court should have (1) dismissed the entire indictment because defendant's status as a confidential informant was revealed, and (2) granted a downward departure in excess of two levels. Our jurisdiction arises under 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 After his arrest, defendant provided the government with information concerning a plot to assassinate one or more participants in a pending trial. The government then apprehended a suspect based upon this information. Subsequently, government agents interviewed defendant's former girlfriend and potential government witness. During that interview, the former girlfriend stole the report containing defendant's information. The suspect learned of defendant's identity as the informant. Given this turn of events, defendant seeks to dismiss the indictment.
 
 
 3
 Defendant agrees with the government that the theft of the report by defendant's former girlfriend was not the result of government abuse, bad faith or vindictiveness. Appellant's Reply Brief at 1-2. The absence of prosecutorial misconduct and prejudice arising from that prosecutorial misconduct is fatal to defendant's argument that the indictment should have been dismissed. See Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988). According to the defendant, the government's lax security or negligence is to blame for the disclosure of his identity to the suspect. Appellant's Reply Brief at 2. Regrettable as this incident may be, dismissal of an indictment on constitutional or supervisory grounds is a drastic remedy, plainly inappropriate without full consideration and rejection of more narrowly tailored measures to deter improper prosecutorial conduct. United States v. Hasting, 461 U.S. 499, 506-507 (1983). Defendant has not addressed this aspect of his request.
 
 
 4
 Defendant does not claim that his sentence was inconsistent with his reasonable understanding of the plea agreement. See United States v. Shorteeth, 887 F.2d 253, 256 (10th Cir.1989). Rather, he claims that the district court should have made a more substantial downward departure based upon U.S.S.G. Sec. 5K1.1. (a)(4) which allows consideration of "any danger or risk of injury to the defendant or his family resulting from his assistance" to the government. The record indicates that the district court exercised its discretion concerning downward departure; we lack jurisdiction to review that exercise of discretion. See United States v. Davis, 900 F.2d 1524, 1529-30 (10th Cir.), cert. denied, 111 S.Ct. 155 (1990).
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Sherman G. Finesilver, chief United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument