999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raghbir Singh PANCAL, Defendant-Appellant.
 Nos. 92-6271, 92-6282.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1993.
 
 Before BALDOCK and BRORBY, Circuit Judges, and VRATIL,* District Judge.
 ORDER AND JUDGMENT**
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The primary issue in this case is whether the district court correctly computed Mr. Pancal's sentence.
 
 I.
 
 3
 Mr. Pancal was indicted by a federal grand jury on one count of conspiracy (18 U.S.C. § 371) and five counts of trafficking in immigration documents (18 U.S.C. § 1546). The indictment was based upon Mr. Pancal's involvement in procuring false work authorization cards for illegal aliens. The scheme involved Mr. Pancal and codefendant Mr. McGaha. Mr. McGaha was a legalization officer with the INS who regularly dealt with illegal aliens seeking permission to remain in the United States pursuant to an INS amnesty program. Persons qualified for amnesty were entitled to receive INS work authorization cards. In September 1991, five illegal aliens were arrested in Oklahoma City, Oklahoma, for possessing false work authorization cards. The five aliens were material witnesses and disclosed each paid $2,000 at a meeting with Mr. Pancal as partial payment on a $5,000 fee to receive work authorization cards. The five aliens presented Mr. McGaha with slips of paper they had been given by Mr. Pancal. Mr. McGaha processed the men's files and presented them with work authorization cards although none of the men qualified for the INS amnesty program.
 
 
 4
 The same day the five aliens were arrested, the INS retrieved a typewriter ribbon from Mr. McGaha's typewriter at his INS office. The typewriter ribbon revealed ninety-eight individuals seeking false work authorization cards, a substantial number of whom, including the five aliens, were linked to Mr. Pancal by reference to his home or office addresses, or close derivations. The INS also obtained telephone records disclosing conversations between Mr. Pancal's telephone number and Mr. McGaha's telephone number preceding the presentation of amnesty applications in many of the ninety-eight instances for which INS files were retrieved.
 
 
 5
 In the information to which Mr. Pancal entered his guilty plea, Mr. Pancal admitted that he paid a bribe of $2,000 to Mr. McGaha for the procurement of a work authorization card for an alien.
 
 
 6
 Mr. Pancal was sentenced under the United States Sentencing Guidelines § 2C1.1 (1991), which provides that an offense involving the offering of a bribe to a public official has a base offense level of 10. The trial court enhanced Mr. Pancal's base offense level two levels pursuant to U.S.S.G. § 2C1.1(b)(1) because more than one bribe was involved. The base offense level was adjusted an additional three levels under U.S.S.G. § 2C1.1(b)(2)(A) because Mr. Pancal received more than $20,000 in monetary benefit. Lastly, Mr. Pancal's base offense level was increased by two levels for obstruction of justice under U.S.S.G. § 3C1.1 for testifying falsely at the trial of codefendent Mr. McGaha. The base offense level after enhancements 17. The offense level was reduced one level for substantial cooperation under U.S.S.G. § 5K1.1, and two levels downward under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. Mr. Pancal's final base offense level was 14 with an imprisonment range of fifteen to twenty-one months. Mr. Pancal was sentenced to twenty months incarceration.
 
 
 7
 Mr. Pancal filed motions for bail pending appeal and a motion to correct sentence, all of which were denied by the trial court.
 
 II.
 
 8
 Mr. Pancal's first contention is that the district court used information provided by Mr. Pancal pursuant to his plea agreement to enhance his sentence in violation of U.S.S.G. § 1B1.8.
 
 
 9
 Mr. Pancal's base offense level was determined under U.S.S.G. § 2C1.1 which applies to bribery. Pursuant to specific offense characteristics in U.S.S.G. § 2C1.1(b)(1), the base offense level is increased by two if more than one bribe is involved in the offense.[1]
 
 
 10
 The district court found the specific offense characteristic applied to Mr. Pancal's offense because he committed more than one bribe. Mr. Pancal contends the enhancement was based upon information he provided subsequent to his plea and in violation of U.S.S.G. § 1B1.8. That section provides:
 
 Use of Certain Information
 
 11
 (a) Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information, provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.
 
 
 12
 (b) The provisions of subsection (a) shall not be applied to restrict the use of information:
 
 
 13
 (1) known to the government prior to entering into the cooperation agreement.
 
 
 14
 According to Mr. Pancal, information of his involvement in illegal transactions other than the one transaction admitted in the plea agreement was derived from debriefing that occurred subsequent to the plea agreement. See generally United States v. Shorteeth, 887 F.2d 253, 255-57 (10th Cir.1989). The meaning of the terms of a plea agreement and the interpretation of U.S.S.G. § 1B1.8 are reviewed de novo where the facts are undisputed. Shorteeth, 887 F.2d at 256. We review the district court's factual findings for clear error.
 
 
 15
 Mr. Pancal's contention is without support in the record. In October 1991, the government was aware that five material witnesses paid $2,000 to an associate of Mr. Pancal and that Mr. Pancal gave the witnesses a slip of paper facilitating access to INS employee Mr. McGaha. Moreover, in the Fall of 1991, Mr. McGaha's typewriter ribbon linked Mr. Pancal to multiple files via his business or residence addresses. Similarly, at the sentencing hearing counsel for Mr. Pancal essentially admitted that "[p]rior to the time of [Mr. Pancal's] debriefing the only [illegal transactions] that they had any direct connection with or reliable evidence with respect to Mr. Pancal were the five individuals that they had arrested in September." And again, counsel for Mr. Pancal further admitted at sentencing that "if you [get] down to the [illegal transactions] that even the circumstantial evidence would have somehow connected Mr. Pancal, you're down to literally what could be counted on one hand or two hands, 5 to 10."
 
 
 16
 Based on the foregoing, the trial court correctly found the government had reliable evidence Mr. Pancal committed more than one bribe prior to debriefing. Of course, the sentencing court is not precluded from using information in a defendant's sentencing known to the Government prior to the entry of the defendant's plea agreement. United States v. Easterling, 921 F.2d 1073, 1080 (10th Cir.1990), cert. denied, 111 S.Ct. 2066 (1991). As the district court's findings were only based upon such evidence the enhancement was appropriate.
 
 
 17
 Mr. Pancal's second contention is that enhancement of his sentence by application of the specific offense characteristic of U.S.S.G. § 2C1.1(b)(2)(A) also violated U.S.S.G. § 1B1.8 because the trial court relied on evidence obtained from Mr. Pancal's debriefing. U.S.S.G. § 2C1.1(b)(2)(A) provides:
 
 
 18
 If the value of the payment, the benefit received or to be received in return for the payment, or the loss to the government from the offense, whichever is greatest, exceeded $2,000, increase by the corresponding number of levels from the table in § 2F1.1 (Fraud and Deceit).
 
 In addition, U.S.S.G. § 2F1.1 provides:
 
 19
 (1) If the loss exceeded $2,000, increase to offense levels as follows:
 
 
 20
 ....
 
 
 21
 (D) More than $10,000 add 3.
 
 
 22
 (E) More than $20,000 add 4.
 
 
 23
 The district court found the monetary benefit to Mr. Pancal was $20,000 and enhanced his base offense level by three levels.
 
 
 24
 Appellant's contention is without merit. Reliable evidence obtained independently of Mr. Pancal's statements established the existence of at least $20,000 of monetary benefit to Mr. Pancal. In his plea, Mr. Pancal admits to receiving $2,000 for one illegal transaction. The five witnesses linked Mr. Pancal to five transactions and the district court found five additional transactions to be reliably linked to Mr. Pancal by circumstantial evidence. Using a total of ten transactions, the court calculated a monetary benefit of $20,000 for which a three point enhancement under U.S.S.G. § 2C1.1(b)(2)(A) was appropriate. Because counsel for Mr. Pancal admitted that the five material witnesses and other circumstantial evidence linked Mr. Pancal to ten illegal transactions, neither the factual findings nor the application of the Guidelines was erroneous.
 
 
 25
 Mr. Pancal's third contention is that the two-point assessment for obstruction of justice was not supported by the evidence. In reviewing an assessment for obstruction of justice under U.S.S.G. § 3C1.1[2] this court will not disturb the conclusion reached by the district court unless the findings were clearly erroneous. United States v. Litchfield, 959 F.2d 1514, 1523 (10th Cir.1992) (deference appropriate where witnesses credibility in issue).
 
 
 26
 The trial court determined that a two point enhancement was appropriate under U.S.S.G. § 3C1.1 because of Mr. Pancal's lack of candor at the trial of codefendant Mr. McGaha. The trial court found: "Mr. Pancal was not truthful when he testified at trial. He testified to many things that were directly contradicted by more credible witnesses and I think for that reason alone he is entitled to the two level upward adjustment."
 
 
 27
 The trial court had ample opportunity to observe the testimony of Mr. Pancal at trial, and Mr. Pancal has failed to persuade us that the trial court's finding was clearly erroneous. False testimony is a proper basis for employing the enhancement. United States v. Morgan, 936 F.2d 1561, 1574-75 (10th Cir.1991), cert. denied, 112 S.Ct. 1190 (1992). Mr. Pancal relies on the Government's Motion for Downward Departure filed pursuant to the plea agreement for support that he was completely candid at trial. The Government's motion stated Mr. Pancal had offered truthful assistance to the Government. The district court, however, viewed Mr. Pancal's testimony as not completely truthful. The Government's motion is not binding on the trial court, and the district court properly exercised its obligation to apply the Guidelines to the facts as it found them. This finding was not clearly erroneous, nor do we view it as inherently inconsistent to downwardly depart for substantial assistance on the one hand, and to upwardly adjust for obstruction of justice on the other.
 
 
 28
 Mr. Pancal's last contention is that he was entitled to release on bail pending appeal. Our review of the district court's detention order "is plenary as to mixed questions of law and fact and [we give] due deference to the district court's purely factual findings." United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir.1991).
 
 
 29
 This court has held that a defendant must establish five factors to gain release pending appeal. The burden of showing the merit of the appeal is on the defendant. The five factors are as follows. The defendant must establish that he is (1) not a flight risk; or (2) a danger to any person or the community. He must also show by a preponderance of the evidence that his appeal (3) is not for the purposes of delay; and (4) raises a substantial question of fact or law. Lastly, he must show (5) that if a favorable decision is obtained it is likely to result in a reversal or new trial on all counts. United States v. Affleck, 765 F.2d 944, 953 (10th Cir.1985); see also 18 U.S.C. § 3143(b) (1993), and Fed.R.App.P. 9 (1993).
 
 
 30
 Mr. Pancal has not met his burden. This appeal does not raise a substantial question of law or of fact and there is ample evidence in the record to support the district court's findings. A substantial question of law is one that has not been decided by controlling precedent or is otherwise doubtful. The law is clear that perjury is a proper basis for enhancement for obstruction of justice. The fact questions in this appeal were ordinary questions about the sufficiency of the evidence used at sentencing. These claims were not substantial and defendant has therefore failed to meet his burden. See generally United States v. Powell, 761 F.2d 1227, 1233-34 (8th Cir.1985).
 
 
 31
 AFFIRMED.
 
 
 
 *
 The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 1 U.S.S.G. § 2C1.1 reads:
 Offering, Giving, Soliciting, or Receiving a Bribe; Extortion Under Color of Official Right
 (a) Base Offense Level: 10.
 (b) Specific Offense Characteristics
 (1) If the offense involved more than one bribe or extortion, increase by 2 levels.
 
 
 [2]
 Section 3C1.1 reads:
 Obstructing or Impeding the Administration of Justice.
 If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.
 Commentary, Application Notes.
 ....
 (3) The following is a non-exhaustive list of examples of the types of conduct to which this enhancement applies:
 ....
 (b) committing, suborning, or attempting to suborn perjury.