HARTZ, Circuit Judge,
dissenting:
I respectfully dissent. The government breached its promise to Mr. Leyva-Matos when it disclosed to the district court what he had said in his post-plea debriefings. The district court then used what he said to increase his offense level under the United States Sentencing Guidelines, and sentenced him accordingly. I would hold that the government’s breach frees Mr. Leyva-Matos from his promise not to appeal his sentence. I would then hold that the use by the district court of Mr. Leyva-Matos’s debriefings requires that we set aside his sentence and remand for resentencing by another judge.
Mr. Leyva-Matos executed his plea agreement on February 10, 2009, and was debriefed on February 27 and June 22. The agreement contemplated that he would provide information to the government. It states:
If the defendant meets all of the criteria set forth at 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, including providing a complete and truthful statement to the Government concerning all information and evidence the defendant has about the offense or offenses that were part of the same course of conduct underlying *1219 this agreement, the defendant is entitled to a reduction of two (2) levels, pursuant to U.S.S.G. § 2Dl.l(b)(ll).
R., Vol. 1 at 11.
The written agreement does not include a provision that Mr. Leyva-Matos’s statements could not be used against him. But there is no question that the government so promised. The government’s answer brief in this court says: “In accordance with Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), the government agreed not to use the information Leyva-Matos provided at the debriefings in any criminal case against him.” Aplee. Br. at 6. (Kastigar held that the government can compel testimony from an unwilling witness if the witness is conferred immunity from use of the compelled testimony in later criminal proceedings.) The brief refers to a postsentencing letter sent on December 4, 2009, by the prosecutor to Mr. Leyva-Matos’s attorney. That letter ends: “[W]e unequivocally affirm that when we met with Mr. Leyva-Matos we did not intend for the information from his debriefings to be used against him at sentencing, absent an extenuating circumstance not present in this case.” Unopposed Motion to Supplement the Record on Appeal, Ex. B, United States v. Leyva-Matos, 618 F.3d 1213 (10th Cir.2010). The letter was in response to a request from Mr. Leyva-Matos’s attorney for a copy of the Kastigar agreement. The letter explained that “although we did have an understanding regarding the use of information provided by your client during the debriefs, we never reduced an agreement to writing.” Id.
Because of the government’s promise, the district court should not have been informed of what Mr. Leyva-Matos said in his debriefings. In United States v. Shorteeth, 887 F.2d 253, 257 (10th Cir.1989), this court interpreted USSG § 1B1.8 to “require the [plea] agreement to specifically mention the court’s ability to consider defendant’s disclosures during debriefing in calculating the appropriate sentencing range before the court may do so.”
Nevertheless, the debriefing statements were disclosed to the district court. Before the sentencing hearing the court conducted a telephone status conference with the prosecutor and defense counsel. During the conference the court requested investigator notes and reports of Mr. Leyva-Matos’s debriefings. The court may well have assumed that it was entitled to review the debriefings because § IB 1.8(b)(5) states that debriefing information can be used “in determining whether, or to what extent, a downward departure from the guidelines is warranted pursuant to a government motion under § 5K1.1 (Substantial Assistance to Authorities).” Paragraph (b)(5) was added to the guidelines in 1992, after Shorteeth. In any event, neither counsel objected, and the materials were provided to the court.
At Mr. Leyva-Matos’s sentencing hearing on November 9, 2009, however, the district court relied on his debriefing statements for purposes other than to determine whether a § 5K1.1 departure was warranted. It found, contrary to the stipulations in the plea agreement, that several enhancements should be applied to Mr. Leyva-Matos’s offense level under the guidelines. For example, the court said:
First, with respect to the enhancement for possession of the weapon, Mr. Leyva-Matos admitted.... These admissions are sufficient to support a two-level enhancement for possession of a dangerous weapon during a drug trafficking offense pursuant to Section 2Dl.l(b)(l).
R., Vol. 4 at 32-33.[1]
*1220 Mr. Leyva-Matos’s attorney did not object at the hearing to the district court’s use of his debriefing statements. On November 18, however, his attorney filed an “Unopposed Motion to Reconsider” on the ground that the court had “improperly used information provided by the Defendant pursuant to his plea agreement and pursuant to his Kastigar debriefing to determine the applicable guideline range, to deny the stipulations in the plea agreement and to deny the government’s downward departure motion.” (footnote omitted). United States v. Leyva-Matos, No. CR-08-2410-MV, Doc. 109 at 1 (D.N.M. November 18, 2009). (Contrary to this statement in the motion, the district court granted the government’s downward-departure motion under § 5K1.1.) The government did not object to the motion on the ground of untimeliness or file a response. On November 30 the district court entered a judgment on Mr. Leyva-Matos’s sentence. Two months later the court entered an order denying the motion. Addressing the merits of Mr. Leyva-Matos’s motion, the court ruled that even if the debriefing statements were privileged, “the Court finds ample support for Mr. Leyva-Matos’s sentence without consideration of the information he provided in his debriefing sessions with the government.” Id., Doc. 123 at 6 (January 27, 2010).
Putting aside for a moment the procedural issues on appeal, this seems to me to be a clear case for reversal: The government breached its promise to Mr. Leyva-Matos that his debriefing statements could not be used against him. Those statements were provided to the district court and used by the district court to enhance his offense level at the time of sentencing. This court’s practice has been that when the prosecution taints the district judge by making a presentation in violation of its agreement with the defendant, we must reverse the sentence and remand for re-sentencing by another judge, even though there has been no misconduct by the sentencing judge herself, and even if the sentence imposed would have been a perfectly justified and reasonable one in the absence of the taint. See United States v. Cachucha, 484 F.3d 1266, 1271 (10th Cir.2007); see also United States v. Foster, 889 F.2d 1049, 1055-56 (11th Cir.1989) (breach of promise not to use debriefing statements). Because sentencing is an exercise of judicial discretion, it is impossible to know if the taint affected the judge’s decision making.
I now turn to the procedural issues which could bar relief for Mr. Leyva-Matos. First, in his plea agreement he waived his right to appeal his sentence. But his promise not to appeal is not binding if the government first broke its promise to him. As we have said, “ ‘[A]n appellate waiver is not enforceable if the Government breaches its obligations under the plea agreement.’ ” United States v. Trujillo, 537 F.3d 1195, 1200 (10th Cir.2008), quoting United States v. Rodriguez-Rivera, 518 F.3d 1208, 1212 (10th Cir.2008). I am not aware of any case in which we have held that an appeal waiver bars the defendant from raising on appeal the contention that the government breached its obligations under a plea agreement. Not only should this result follow from considerations of contract law, but to rule otherwise would be a manifest miscarriage of justice. To be sure, Mr. Leyva-Matos’s attorney has done a poor job of raising this point on appeal, as the majority opinion clearly describes. But the burden is on the government, as the movant, to establish that the appeal should be dismissed. In my view, it has not satisfied its burden.
*1221 Even if this appeal is allowed, however, there is a second potential procedural barrier. Mr. Leyva-Matos did not raise a timely objection to the disclosure of his debriefing statements to the judge. He did, however, raise an objection several days after sentencing; and the district court rejected the objection on the merits, not on the ground that it was untimely. Ordinarily, we do not hold on appeal that an objection was untimely if the opposing party did not object on the ground of timeliness and the district court did not dispose of the tardy objection on that ground. See Eberhart v. United States, 546 U.S. 12, 19, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam) (“where the Government failed to raise a defense of untimeliness until after the District Court had reached the merits, it forfeited that defense”); Hicks v. Franklin, 546 F.3d 1279 (10th Cir.2008) (the state forfeited its right to object to untimely objection to magistrate judge’s report). I do not wish to minimize the importance of making timely objections. Mr. Leyva-Matos’s attorney should have objected when the district court requested the debriefing statements, although he may have assumed that USSG § lB1.8(b)(5) overrode the government’s promise, at least so long as the district court used the statements only in considering the motion under USSG § 5K1.1.[2] (He also should have objected at sentencing; but by that time the judge had been tainted, so resentencing by another judge would have been required regardless.) On the other hand, the failure to object is perhaps less culpable than usual because the court’s request was on the telephone, the prosecutor should also have objected, and any objection by defense counsel (as opposed to the prosecutor) would have implicitly informed the court that the debriefing statements could be harmful to Mr. Leyva-Matos at sentencing. In any event, I think that this is an appropriate case to address the merits of Mr. Leyva-Matos’s claim, rather than awaiting a possible habeas claim of ineffective assistance of counsel.
I am disappointed that my colleagues on this panel disagree with my views. But I am much more disappointed in the government. It appears to acknowledge that it breached its promises to Mr. Leyva-Matos. I would have hoped that rather than challenging his appeal, it would have confessed error. Such a confession would not have injured its relationship with the judge below, because the error was solely the government’s.

. I have deleted the specific admissions so that a new judge conducting the sentencing would not be tainted by the information.

. It seems to me that if a district court wishes to review debriefing materials in considering a § 5K1.1 motion, it should not review them until it has made its findings on all other factual matters disputed at sentencing. Only then can one be confident that the materials did not affect those findings. Otherwise the government's promise that the defendant’s debriefing statements will not be used against him at sentencing will be a promise of questionable value, and — perhaps more importantly — defense counsel will be reluctant to advise clients to agree to such debriefings.