**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Steven Jean HAND, aka Timothy R. Edwards, Defendant–Appellant.**

**No. 89–3275.**

United States Court of Appeals,
Tenth Circuit.

Sept. 7, 1990.

Jill M. Wichlens, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on the brief), Denver, Colo., for defendant-appellant.

Robin D. Fowler, Asst. U.S. Atty. (Lee Thompson, U.S. Atty., with him on the brief), Wichita, Kan., for plaintiff-appellee.

Before MOORE, SETH and ANDERSON, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Steven Hand appeals the judgment of conviction and sentence entered upon his plea of guilty to one count of aiding and abetting the manufacture of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Hand contends that the government violated its plea agreement to recommend a two-level reduction based on his role as a minor participant in the offense as provided by U.S.S.G. § 3B1.2(b). He also complains that the district court failed to make factual findings concerning Hand's relative role in the methamphetamine operation. For the reasons discussed below, we affirm.

## BACKGROUND

According to the terms of the plea agreement between Hand and the government, Hand pleaded guilty to one count of the superseding indictment and briefed government agents on unrelated drug trafficking activities in exchange for the government's promise to: dismiss the two remaining counts of the indictment; recommend a two-level reduction for Hand's acceptance of responsibility; and recommend a two-level reduction for his role as a "minor participant." In detailing the terms of the agreement, the prosecutor explained to the district court that the agreement to recommend a reduction for Hand's minor participation "was based on the government's understanding of [Hand's] role in the offense." Appellant's Opening Brief at p. 3. After ascertaining the terms of the plea agreement, the district court accepted the guilty plea.

The presentence report prepared in Hand's case recommended that no adjustment be made for Hand's role in the offense. At Hand's sentencing hearing, Hand personally testified concerning his role in the affair. He also called the probation officer who had prepared the presentence report to testify. The government cross examined both witnesses, eliciting factual detail concerning the exact nature of Hand's involvement, including certain factual clarifications which tended to offset some of the evidence produced on direct examination by which Hand had hoped to demonstrate that his was a relatively small role.[1]

---

**1.** On direct examination Hand testified, among other things, that he had only known the key codefendant a short time before his arrest, that at the time the two met, Hand did not know how to manufacture methamphetamine, that he had never before participated in its manufacture, that the codefendant asked Hand to perform "deliveries" of chemicals which he was told were not illegal, and that the codefendant offered to pay rent for a trailer in which the codefendants stayed. Hand further indicated that the codefendant originally stored equipment in a shed near the trailer, but due to cold weather requested to move it into the trailer itself—that there had been no equipment or chemicals in the trailer when it was first rented. Finally Hand testified that his involvement in the manufacturing process consisted of drying the methamphetamine by stirring it over a stove. On cross, the government elicited testimony from Hand to the effect that Hand himself signed the lease for the trailer, that Hand knew the chemicals and equipment he transported were for the manufacture of methamphetamine, that Hand had been paid for the deliveries, that the manufacturing in the trailer began four or five days after Hand moved in, and that Hand began personally participating in the manufacturing process about two weeks after he moved in.

When asked by the district court to comment prior to sentencing, the government prosecutor stated:

> "Regarding role in the offense, we again recommend that this defendant receive a reduction for having a minor role in the offense. That was my assessment at that time. The court's well aware of the facts in this case and can make its own conclusion. We've agreed to recommend that, however."

R. Vol. IV, p. 69. The district court proceeded to sentence Hand to a term of incarceration of 97 months, making no provision for any reduction relating to Hand's role in the offense. When questioned by Hand's attorney as to the recommended reduction for minor participation, the court specifically indicated "the court's position only in that regard is [it's] not going to allow that portion of the government's recommendation." *Id.* at 77.[2]

Hand now contends that the government violated the spirit, if not the letter, of the plea agreement both by eliciting unfavorable facts on cross examination during the sentencing hearing and by the prosecutor's comments that the court was free to reach its own conclusion based on the facts before it. We find no merit in Hand's argument.

## DISCUSSION

### I. THE PLEA AGREEMENT

■ Where the government obtains a guilty plea predicated in any significant degree on a promise or agreement with the prosecuting attorney, such promise must be fulfilled to maintain the integrity of the plea. *See, e.g., Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); *United States v. Stemm,* 847 F.2d 636, 637 (10th Cir.1988). In order to comply with the plea agreement, the government cannot rely upon a "rigidly literal construction of the language" of the agreement, nor may it accomplish "through indirect means what it promised not to do directly." *United States v. Shorteeth,* 887 F.2d 253, 256 (10th Cir.1989) (citing *United States v. Pogue,* 865 F.2d 226, 227 (10th Cir.1989); *United States v. Greenwood,* 812 F.2d 632, 635 (10th Cir.1987); *United States v. Stemm,* 847 F.2d at 638 n. 1).

■ We must construe the plea agreement according to what Hand "reasonably understood" when he entered his plea. *United States v. Shorteeth,* 887 F.2d at 256; *United States v. Stemm,* 847 F.2d at 638. Because the agreement cannot be reasonably interpreted as proscribing a proper cross examination of Hand and the other witness at sentencing, the government's cross examination did not violate the plea agreement.

■ A promise to "recommend a reduction" is not a promise to stand mute in the face of incorrect or misleading testimony offered before the trial court. The prosecutor here did not characterize the evidence elicited on cross examination, nor did he argue the effect of such evidence to the sentencing judge.[3] The prosecutor properly performed his responsibility in informing the court so that its decision would not be tainted by incomplete and inaccurate information.[4] In this context, the plea agree-

---

**2.** The government correctly concedes that Hand has not waived his objection to the possible breach of the plea agreement by failing to object at the sentencing hearing. *See United States v. Shorteeth,* 887 F.2d 253, 255 (10th Cir.1989) (no waiver based on failure to object to plea agreement breach).

**3.** This case is unlike those cited by Hand in which a prosecutor, having promised a recommendation of leniency or no recommendation whatsoever, proceeds to argue the opposite position to the sentencing judge. *See, e.g., United States v. Moscahlaidis,* 868 F.2d 1357, 1361 (3d Cir.1989); *United States v. Greenwood,* 812 F.2d 632, 635–36 (10th Cir.1987); *United States v.*

*Crusco,* 536 F.2d 21, 26 (3d Cir.1976). *Accord United States v. Stemm,* 847 F.2d at 639 n. 2. Merely eliciting factual information or challenging evidence presented by a defendant through appropriate cross examination is not necessarily an improper attempt to persuade or convince the sentencing judge to reject the promised recommendation.

**4.** Arguably, the effect of Hand's evidence at sentencing, had it been allowed to pass unchallenged and unclarified, might have been to persuade the district court that a reduction of three or even four levels was appropriate under U.S. S.G. § 3B1.2. The government's agreement to

ment did not restrict the court's access to this information, nor could such an agreement properly do so. *See, e.g., United States v. Shorteeth,* 887 F.2d at 255 (expressing "considerable doubt" whether parties to a plea agreement can ordinarily restrict information available to district court for sentencing determinations); *United States v. Stemm,* 847 F.2d at 639 ("Disclosure of information as to the nature of the offense and each defendant's role is proper and within the Government's duty to provide, despite a promise that the Government would make no recommendation as to sentence."); *United States v. Williamsburg Check Cashing Corp.,* 905 F.2d 25, 28 (2d Cir.1990) ("To read the agreement as appellants suggest would require the judge to sentence in the dark. Such an agreement to keep the judge ignorant of pertinent information cannot be enforceable, because a sentencing court 'must be permitted to consider any and all information that reasonably might bear on the proper sentence....' ") (quoting *Wasman v. United States,* 468 U.S. 559, 563, 104 S.Ct. 3217, 3220, 82 L.Ed.2d 424 (1984)); *United States v. Ramon Mata-Grullon,* 887 F.2d 23, 24 (1st Cir.1989) (Although government may not do "end-runs" around its plea agreements, "the government must bring all relevant facts to the judge's attention.").

■ Hand's contention concerning the prosecutor's statement in recommending a reduction for minor participation is equally unavailing. At most, the prosecutor's comments may have demonstrated a lack of enthusiasm for the recommendation. A criminal defendant has no right, as a matter of law, to an "enthusiastic" recommendation by a prosecuting attorney in compliance with a plea agreement. *United States v. Benchimol,* 471 U.S. 453, 455–56, 105 S.Ct. 2103, 2104–05, 85 L.Ed.2d 462 (1985). Although the prosecutor's simple

statement that the court could reach its own conclusion was unnecessary and probably imprudent under the circumstances, it was not tantamount to an argument that the recommendation should be disregarded or that the reduction would be improper. The government in no way breached its plea agreement.

## II. FINDINGS OF FACT

■ Hand claims that the sentencing court failed to make findings of fact as to information contained in the presentence report as required by Fed.R.Crim.P. 32(c)(3)(D). That Rule requires a district court to make specific findings of fact only "[i]f the comments of the defendant and the defendant's counsel ... allege any factual inaccuracy in the presentence investigation report." *See United States v. Johnson,* 911 F.2d 403, 406 (10th Cir.1990). Hand has not identified any fact contained in the presentence report which he alleged to be inaccurate. Rather, he appears to contest the report's legal conclusion, based on the facts therein, that Hand does not qualify for a reduction relating to his role in the offense. That conclusion is not a finding of fact and Hand's argument concerning the appropriate weight and effect to be given the facts surrounding his participation in the drug scheme does not implicate Rule 32(c)(3)(D).[5]

## CONCLUSION

The government did not breach its agreement to recommend a reduction in offense level based on Hand's role in the drug operation. Hand's disagreement over the conclusion to be drawn from the facts contained in the presentence report does not allege factual inaccuracies therein requiring any specific findings by the sentencing

recommend a two-level reduction cannot reasonably be interpreted as a promise not to interfere with Hand's abortive attempt at a greater reduction than the one recommended.

5. We note that the district court in fact made specific findings concerning the accuracy of the

presentence report. The court stated: "the presentence investigation report, as corrected by the court today, is accurate with the modifications that the court has made this morning, and those findings are incorporated in the following sentence." R. Vol. IV, p. 75.

court. The judgment of the district court is

AFFIRMED.