930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael CARSON, Defendant-Appellant.
 No. 90-3142.
 United States Court of Appeals, Tenth Circuit.
 March 25, 1991.
 
 Before SEYMOUR and BALDOCK, Circuit Judges, and CHRISTENSEN, District Judge.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant Michael Carson appeals from a 168-month sentence imposed after he plead guilty to knowingly and intentionally distributing less than five grams of a mixture containing cocaine base. 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Our jurisdiction arises under 28 U.S.C. Sec. 1291. We affirm.
 
 I.
 
 2
 In December 1989, defendant was charged with two counts of illegal distribution of less than five grams of cocaine base. 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Two months later, defendant pled guilty to one count of distribution. Defendant's plea agreement provided in pertinent part:
 
 
 3
 In exchange for defendant's plea of guilty to count IV of the indictment the government and defense counsel agree the amount of cocaine base to be utilized in determining the sentence to be imposed is the amount that was in fact distributed in both counts I and IV of the indictment, to wit .34 grams. The government will move the court to dismiss count I at time of sentencing, agrees no additional charges will be filed concerning the facts giving rise to the offense charged in the indictment and further agrees that whether the defendant is to receive credit for acceptance of responsibility is to be determined by the probation office.
 
 
 4
 I fully understand that the Court is not bound by the terms of the plea agreement, and may accept or reject said agreement. If the court rejects the agreement, I also understand that the Court will NOT give me the opportunity to withdraw my plea of guilty....
 
 
 5
 Rec. vol. I, doc. 37 at 4. During the hearing at which his plea was entered, defendant acknowledged to the court that he understood that the sentence he received might be more severe than he expected but that he was nevertheless bound by the plea. Rec. vol. IV at 7-8.
 
 
 6
 For purposes of making the relevant conduct determination under the Sentencing Guidelines, the probation office calculated the total amount of cocaine base distributed by defendant to be 240 grams. See United States Sentencing Commission, Guidelines Manual 8 1B1.3 (Nov. 1990). The probation office reached this determination based on statements made by a codefendant, a witness and defendant himself that approximately 0.2 grams of cocaine base were sold to approximately twenty customers per day during the sixty days in which defendant operated his "crack house." Rec. vol. III at 4-5. See United States v. Reid, 911 F.2d 1456, 1462-63 (10th Cir.1990), cert. denied, 111 S.Ct. 990 (1991). Defendant challenged the findings in the presentence report and presented testimony at the sentencing hearing contrasting the probation office's computation of drug proceeds. In support of the presentence report, the government presented testimony from a Bureau of Alcohol, Tobacco and Firearms (BATF) agent on the content of his interviews with a codefendant and another party involved in defendant's "crack house."
 
 II.
 
 7
 Defendant argues that the government breached the terms of the plea agreement by presenting evidence of uncharged drug activity at the sentencing hearing. When the government obtains a guilty plea pursuant to a plea agreement, such agreement must be fulfilled in order to maintain the integrity of the plea. United States v. Hand, 913 F.2d 854, 856 (10th Cir.1990). A plea agreement must be construed in accordance with what the defendant " 'reasonably understood' " when he entered his plea. Id. (quoting United States v. Shorteeth, 887 F.2d 253, 256 (10th Cir.1989)). On the other hand, the government is not obliged to "stand mute in the face of incorrect or misleading testimony offered before the trial court." Id. The government bears the responsibility of apprising the court of information which protects the sentencing decision from the taint of incomplete and inaccurate information; provision of such information does not violate a plea agreement where the prosecutor does not attempt to characterize or argue its effect to the sentencing judge. Id. at 856-57.
 
 
 8
 In the instant case, defendant's plea agreement explicitly stated that the plea was not binding on the sentencing court and that he might receive a sentence greater than the one indicated by the plea agreement. Moreover, when he tendered his plea, defendant acknowledged that he understood that the government's sentencing recommendation was not binding on the court. Thus, defendant could not reasonably have interpreted the plea agreement as requiring the government to stand silent in the face of factual challenges to the presentence report. See United States v. Rutter, 897 F.2d 1558, 1564-65 (10th Cir.), cert. denied, 111 S.Ct. 88 (1990). The government merely fulfilled its ethical obligation to prevent the court from being misled by inaccurate and incomplete information. See Hand, 913 F.2d 854, 856-57. Such conduct did not violate the plea agreement.
 
 
 9
 Defendant next argues that the government violated his fifth amendment right to due process and his sixth amendment right to confrontation by presenting the hearsay testimony of a BATF agent regarding the amount of cocaine defendant was responsible for distributing for purposes of the relevant conduct inquiry under U.S.S.G. Sec. 1B1.3.
 
 
 10
 Plainly, the Federal Rules of Evidence do not apply at sentencing.... [C]ourts have traditionally been allowed to consider all sources of information in formulating an appropriate sentence: "[N]o limitation shall be placed on the information concerning the background character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."
 
 
 11
 United States v. Beaulieu, 893 F.2d 1177, 1179 (10th Cir.) (quoting 18 U.S.C. Sec. 3661), cert. denied, 110 S.Ct. 3302 (1990). Defendant was sentenced within the statutory range for the crime he committed and the hearsay statements admitted at the sentencing hearing were sufficiently reliable to protect defendant's due process rights. See Reid, 911 F.2d at 1463-64. The district court's consideration of the BATF agent's hearsay testimony therefore was entirely proper.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable A. Sherman Christensen, Senior United States District Judge for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3