931 F.2d 64
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott A. WARNER, Defendant-Appellee.
 No. 90-3107.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1991.
 
 ORDER AND JUDGMENT**
 Before SEYMOUR and BALDOCK, Circuit Judges, and CHRISTENSEN, District Judge.*
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant Scott A. Warner appeals from the imposition of an eighty-seven month prison sentence following his plea of guilty to possession of 112 grams of cocaine with intent to distribute and conspiracy, 21 U.S.C. Secs. 841(a)(1) & 846. Our jurisdiction over this direct criminal appeal arises under 28 U.S.C. Sec. 1291. We affirm.
 
 I.
 
 2
 In January 1989, defendant made arrangements with a friend to receive an express mail package containing cocaine from a suburb of Miami, Florida; he was arrested following delivery of that package. While this specific 112-gram shipment gave rise to defendant's conviction, the presentence report calculated that defendant's conviction was part of an ongoing course of criminal conduct involving some 993 grams of cocaine. The presentence report based this determination on several factors. First, a former associate of defendant testified that defendant used a similar scheme in 1986 and 1987 to ship over three pounds of cocaine to addresses in Kansas, Nebraska and Missouri. Second, a search of defendant's residence in 1988 following his arrest on a state drug charge revealed several airline boarding passes to and from Miami and fifteen express mail receipts addressed to Miami bearing defendant's alias. It was believed that these shipments contained payments for fifteen drug transactions. Third, postal files revealed five express mail labels which fit the drug package profile addressed to defendant's residence under his alias. The presentence report calculated the total amount of cocaine involved in this enterprise by multiplying the fifteen transactions evidenced by the express mail labels found in defendant's residance by an estimated two ounces per transaction to arrive at a total amount of 993.9 grams.
 
 
 3
 Defendant argues that the district court erred in finding that 993 grams of cocaine were involved in the course of his criminal conduct. In calculating the appropriate Guideline range for a drug offense, the district court is not restricted only to the quantity of drugs associated with the offense of conviction, but may include " 'all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction.' " United States v. Rutter, 897 F.2d 1558, 1561 (10th Cir.1990) (quoting United States Sentencing Commission, Guidelines Manual, Sec. 1B1.3(a)(2) (Nov.1990)). When a defendant is convicted of a drug distribution offense, quantities of drugs not specified in the conviction, but part of the same course of conduct, are included in determining the offense level. Id. at 1561-62; United States v. Ware, 903 F.2d 1538, 1542 (10th Cir.1990). Nevertheless,
 
 
 4
 the guidelines do not permit the district court to hold a defendant responsible for a specific quantity of drugs unless the court can conclude the defendant is more likely than not actually responsible for a quantity for which the defendant is being held responsible. If the exact amount cannot be determined, an estimate will suffice, but ... a preponderance of the evidence must support the estimate.
 
 
 5
 United States v. Walton, 908 F.2d 1289, 1302 (6th Cir.1990) (emphasis in original). Findings of a district court applying the sentencing guidelines are reviewed for clear error. Rutter, 897 F.2d at 1560.
 
 
 6
 We hold that the district court was not clearly erroneous in determining that a preponderance of the evidence supported the probation office determination that defendant engaged in fifteen prior cocaine transactions of at least two ounces each. However, we find that the presentence report incorrectly calculated the amount of cocaine involved in the course of defendant's criminal conduct. Defendant was convicted for possession of 112.1 grams of cocaine with intent to distribute. Additionally, the district court found that, in the course of his criminal conduct, defendant was involved in fifteen drug transactions of two ounces each. Utilizing the conversion factor of 28.35 grams to each ounce, see U.S.S.G. Sec. 2D1.1, comment. (n. 10), defendant is responsible for an additional 850.50 grams of cocaine in addition to the offense of conviction. Thus, the quantity of cocaine used to arrive at defendant's base offense level was 962.6 grams, not 993.9 as stated in the presence report. This error does not effect defendant's sentence, however, because the 962.6 gram figure still falls within U.S.S.G. Sec. 2D1.1(c)(9) (500gm.-2kg.), the base offense level under which defendant was sentenced. See United States v. Reid, 911 F.2d 1456, 1463 (10th Cir.1990). We therefore cannot say that the district court was clearly erroneous in sentencing defendant using a base offense level of 26. See U.S.S.G. Sec. 2D1.1(c)(9).
 
 II.
 
 7
 Defendant's presentence report recommended against a two-level downward adjustment for acceptance of responsibility. The report based this recommendation on the fact that defendant was arrested for the instant offense while on bond from state drug and assault charges, that defendant had not been forthcoming in providing information to the probation office and that he failed to report for five urine audits ordered as a condition of release. In response, defendant argued that a debriefing videotape made after his arrest constituted ipso facto proof of his acceptance of responsibility, that he in fact provided the probation office with all requested information and that his failure to show up for his urine audits resulted from a miscommunication.
 
 
 8
 Defendant argues that the district court erred in declining to accord a two-level reduction in offense level on the basis of acceptance of responsibility. The Guidelines provide for a two-level reduction in the offense level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1 The defendant bears the burden of establishing by a preponderance his entitlement to such a reduction. United States v. Wach, 907 F.2d 1038, 1040 (10th Cir.1990). While the district court must provide the defendant with an opportunity to controvert the conclusion in the presentence report that he failed to accept responsibility, such a finding "cannot be overcome merely by a perfunctory expression of regret before the district court at sentencing." Id. We review a district court's determination on whether a defendant has accepted responsibility for clear error. United States v. Spedalieri, 910 F.2d 707, 712 (10th Cir.1990).
 
 
 9
 Certainly, the evidence concerning defendant's acceptance of responsibility is subject to contrary interpretations. Nevertheless, we cannot say that the district court was clearly erroneous in adopting the interpretation put forward by probation office instead of the one advanced by defendant.
 
 III.
 
 10
 In exchange for defendant's guilty plea, the government promised not to oppose a two-level offense level reduction for acceptance of responsibility, not to argue for an enhancement of sentence based on other alleged drug activity and to dismiss the second count of the indictment alleging use of a communication facility in connection with a drug crime under 21 U.S.C. Sec. 843(b). After compilation of the presentence report, defendant specifically challenged the probation office's conclusion that he had not accepted responsibility and that his course of criminal conduct encompassed 993 grams of cocaine. The government in turn presented testimony in support of the factual allegations contained in the presentence report.
 
 
 11
 Defendant contends that the government violated its plea agreement by offering testimony on his acceptance of responsibility and course of criminal conduct. When the government obtains a guilty plea pursuant to a plea agreement, such agreement must be fulfilled in order to maintain the integrity of the plea. United States v. Hand, 913 F.2d 854, 856 (10th Cir.1990). A plea agreement must be construed in accordance with what the defendant " 'reasonably understood' " when he entered his plea. Id. (quoting United States v. Shorteeth, 887 F.2d 253, 256 (10th Cir.1989)). On the other hand, a promise to recommend a reduction or not to recommend an increase does not oblige the government to "stand mute in the face of incorrect or misleading testimony offered before the trial court." Id. The government bears the responsibility of bringing to the court's attention information which prevents its sentencing decision from being tainted by incomplete and inaccurate information; provision of such information does not violate a plea agreement where the prosecutor does not attempt to characterize or argue its effect to the sentencing judge. Id. at 856-57.
 
 
 12
 In the instant case, defendant could not reasonably have interpreted the plea agreement as requiring the government to stand silent on factual challenges to the presentence report. Had the government advocated a particular position with respect to whether defendant should be credited for acceptance of responsibility or his sentence enhanced on the basis of his uncharged criminal conduct, the plea agreement clearly would have been violated. However, the government merely fulfilled its ethical obligation to prevent the court from being misled by inaccurate and incomplete information. See Hand, 913 F.2d 854, 856-57. Such conduct did not violate the plea agreement.
 
 IV.
 
 13
 Defendant argues that the district court violated his right to due process by granting the government's motion to continue the sentencing hearing. A court's decision to grant or deny a continuance is reviewed for abuse of discretion. See United States v. Rivera, 900 F.2d 1462, 1475 (10th Cir.1990) (en banc). We find no such abuse of discretion.
 
 V.
 
 14
 Defendant contends that, assuming his state drug conviction was part of the course of conduct underlying his federal charge, it was error to use that state conviction in calculating his criminal history category. Defendant does not cite, nor can we find, any authority that criminal conduct relevant to the course of conduct inquiry cannot also be utilized in determining a defendant's criminal history category. The Guidelines suggest otherwise. See U.S.S.G. Sec. 4A1.1. Accordingly, we reject this argument as meritless.
 
 
 15
 AFFIRMED.
 
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 *
 The Honorable A. Sherman Christenson, Senior United States District Judge for the District of Utah, sitting by designation