951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Walter DASH, Defendant-Appellant.
 No. 90-1251.
 United States Court of Appeals, Tenth Circuit.
 Dec. 12, 1991.
 
 ORDER AND JUDGMENT*
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant, acting pro se, appeals from the sentence imposed by the district court following entry of Defendant's guilty plea to one count of manufacturing, and aiding and abetting the manufacture of, in excess of one kilogram of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2. Following a two-day sentencing hearing, the district court, pursuant to the United States Sentencing Guidelines (U.S.S.G. or guidelines), sentenced Defendant to 360 months' imprisonment, followed by a ten-year period of supervised release. Defendant asserts four arguments on appeal.
 
 
 3
 Defendant first argues that the sentencing court did not provide the parties with an opportunity to litigate Defendant's role in the offense, contrary to the terms of the parties' plea agreement. Defendant, therefore, argues that the sentencing court should have allowed Defendant to withdraw his guilty plea.
 
 
 4
 Although Defendant failed to object to the denial of an opportunity to litigate his role in the offense and failed to move for the withdrawal of his guilty plea, Defendant has not waived his claim that the failure to litigate his role in the offense violated the terms of the plea agreement. E.g., United States v. Hand, 913 F.2d 854, 856 n. 2 (10th Cir.1990). This court will review Defendant's claim that the plea agreement was violated de novo. United States v. Moscahlaidis, 868 F.2d 1357, 1360 (3d Cir.1989).
 
 
 5
 Subsequent to the filing of the indictment charging Defendant with one count of manufacturing methamphetamine, the government filed an information, pursuant to 21 U.S.C. § 851(a), alleging Defendant had been convicted of four previous felonies involving controlled substances. In light of these four prior convictions charged in the information, the statutorily mandated sentence for conviction of the manufacturing charge was life in prison without release. 21 U.S.C. § 841(b)(1)(A). Pursuant to the terms of the parties' plea agreement, however, the government agreed to move to dismiss the § 851 information charging Defendant with the four prior felony drug convictions in exchange for Defendant's plea of guilty to the § 841 manufacturing charge. Without the § 851 information, the statutory penalty for the manufacturing conviction was imprisonment for not less than ten years, nor more than life, in addition to at least a five-year term of supervised release. Id. § 841(b)(1)(A).
 
 
 6
 In addressing sentencing under the guidelines, the plea agreement also provided that
 
 
 7
 the career offender provisions of subguideline § 4B1.1(A) apply in this case and the base offense level is agreed to be 37. The parties dispute and intend to litigate the determination of the remaining guidelines at the time of sentencing. Specifically, the United States intends to ask for an increase in the offense level based on the defendant's role in this offense, while the defendant reserves the position that he should receive a guideline reduction because he only aided and abetted the offense charged. The parties also reserve the right to litigate the matters of acceptance of responsibility, use of a special skill, and all other guidelines not agreed to above.
 
 
 8
 I.R. doc. 3, 2-3. At the sentencing hearing, however, the district court determined that it would be unnecessary to litigate Defendant's role in the offense, in light of Defendant's stipulation to an offense level of thirty-seven under the career offender provision. III R. 10-13.
 
 
 9
 Defendant does not assert that the district court erred in not litigating the issue of Defendant's role in the offense, but rather argues that, because the plea agreement provided for an opportunity to litigate his role in the offense, failure to allow Defendant to litigate this issue breached the plea agreement. We disagree.
 
 
 10
 "Where the government obtains a guilty plea predicated in any significant degree on a promise or agreement with the prosecuting attorney, such promise must be fulfilled to maintain the integrity of the plea." Hand, 913 F.2d at 856. The plea agreement must be construed according to Defendant's reasonable understanding of the agreement at the time he entered the guilty plea. Id. Upon review of the language of the plea agreement, we conclude that the language concerning the litigation of Defendant's role in the offense was intended merely to address which sentencing issues the parties did not dispute, in light of the parties' stipulation concerning several sentencing issues, and which sentencing issues remained in dispute. The plea agreement's language concerning litigating the issue of Defendant's role in the offense, therefore, did not state a material provision of the plea agreement.
 
 
 11
 Defendant next argues that the district court erred in determining both that Defendant qualified as a career offender under the guidelines and that Defendant's offense level under the guidelines was thirty-seven. Defendant did not raise an objection to these determinations in the district court. Ordinarily, failure to object at the sentencing hearing will preclude appellate review. United States v. Novey, 922 F.2d 624, 629 (10th Cir.), cert. denied, 111 S.Ct. 2861 (1991). Due to Defendant's failure to raise an objection in the district court, however, we will review these claims only for plain error. Fed.R.Crim.P. 52(b); see also United States v. Wainwright, 938 F.2d 1096, 1097-98 (10th Cir.1991).
 
 
 12
 In light of the fact that Defendant stipulated to both his career offender status and the offense level of thirty-seven, the district court's reliance on those stipulations in sentencing Defendant was not plain error. See United States v. Ruiz-Garcia, 886 F.2d 474, 476 (1st Cir.1989). Even if Defendant had not stipulated to his career offender status and an offense level of thirty-seven, however, he would not be entitled to relief.
 
 
 13
 Career offender status is appropriate if, among other things, a "defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. Defendant challenges the district court's determination that he had at least two prior felony controlled substance convictions. Under the guidelines, a controlled substance offense is "an offense under a federal or state law prohibiting the manufacture, import, export, or distribution of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeited substance) with intent to manufacture, import, export, or distribute." Id. § 4B1.2(2).
 
 
 14
 Defendant concedes his 1979 federal conviction for manufacturing methamphetamine may be counted under § 4B1.1. See Appellant's Opening Brief at 16. Defendant argues, however, that his 1983 federal conviction for manufacturing methamphetamine may not count toward career offender status because that conviction is currently under collateral attack. A pending collateral attack, however, will not preclude use of that conviction to establish career offender status under the guidelines. Cf. United States v. Mackbee, 894 F.2d 1057, 1058-59 (9th Cir.) (no error for sentencing court, in determining criminal history points under U.S.S.G. § 4A1.1, to consider sentence imposed on state conviction, even though state conviction still pending on appeal), cert. denied, 110 S.Ct. 2574 (1990). Because Defendant, therefore, has had "at least two" prior felony controlled substance convictions as required under U.S.S.G. § 4B1.1, we need not consider whether Defendant's other previous felony drug convictions would also count toward career offender status.
 
 
 15
 Defendant next argues that the district court should have applied an offense level of thirty-four, despite the parties' stipulation to an offense level of thirty-seven. Defendant asserts that, under U.S.S.G. § 4B1.1, career offender status requires an enhanced offense level of either thirty-four or thirty-seven when the maximum statutory penalty for the crime for which the offender has been convicted is life imprisonment. We disagree. Section 4B1.1 clearly provides that when the maximum statutory penalty is life imprisonment, a career offender's offense level is to be enhanced to level thirty-seven.
 
 
 16
 Lastly, Defendant challenges the imposition of a ten-year term of supervised release. Because Defendant also failed to object to the imposition of this term of supervised release, we will review Defendant's claim only for plain error. Fed.R.Crim.P. 52(b); see also United States v. Smith, 919 F.2d 123, 124 (10th Cir.1990). With the dismissal of the 21 U.S.C. § 851(a) information, Defendant's conviction under § 841(b)(1)(A) required a mandatory term of supervised release of "at least five years." Because the ten-year term of supervised release imposed by the district court was within the statutory limits, the district court did not commit plain error.
 
 
 17
 The judgment of the United States District Court for the District of Colorado is, therefore, AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3