**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MANUEL IGNACIO MARTINEZ,

    Defendant - Appellant.

No. 99-4211

(D. Utah)

(D.C. No. 97-CR-270-S)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Manuel Ignacio Martinez pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), waiving his right to appeal any violation of his right to a Speedy Trial in exchange for the government agreeing not to object to Martinez's motion for a downward departure based on his mental state at the time of the offense. He appeals, arguing that the plea should be set

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

aside because the prosecutor violated the plea agreement and that the charge against him should be dismissed with prejudice for violation of the Speedy Trial clause of the Sixth Amendment. For the reasons stated below, we conclude the plea agreement was not violated and affirm the conviction.

## BACKGROUND

On July 4, 1997, Salt Lake City police officers responded to a complaint of a gang-related altercation. They found Martinez in his front yard, bleeding from a stab wound to his chest. He was uncooperative, appeared intoxicated, and would not provide any information relating to his injuries. Martinez refused medical attention and would not go to a hospital. The officers continued to patrol in the area and about 30 minutes later observed Martinez in front of his home with a loaded shotgun. The officers ordered him to drop the gun, which he did. He was taken into custody and given medical attention.

Martinez was subsequently charged with being a felon in possession of a firearm. On October 28, 1997, Martinez notified the government that, because of alleged impairment due to shock and loss of blood, he intended to pursue a defense of insanity to that charge. Two days later he gave notice that he intended to introduce expert testimony on his mental health. The court ordered a psychiatric evaluation, which resulted in a significant delay of a trial.

On July 21, 1999, Martinez entered into a plea agreement with the government. In exchange for a guilty plea, the United States agreed to recommend a downward departure under U.S.S.G. § 3E1.1 for acceptance of responsibility and to not object to Martinez's motion for a downward departure based on a claim of extreme emotional distress at the time of the offense.[1] After Martinez entered his guilty plea, the following exchange occurred at sentencing:

> THE COURT: . . . [to the Prosecutor], do you have any comment particularly with respect to the motion [for downward departure]?
>
> [Prosecutor]: Your Honor, at the time we negotiated this plea, I agreed with [Defense Counsel] the government would not take a position with respect to his motion for a downward departure. I would point out to the Court, however, that the behavior that Mr. Martinez engaged in is the very behavior that Congress is trying to stop when they passed this legislation to begin with. The judgment that Mr. Martinez exercised in choosing to forego medical treatment when it was offered to him and rather than to work with the police and trying to locate and prosecute the individuals that stabbed him, chose to arm himself and conduct himself in an illegal way in order to remedy the wrong that had been foisted upon him rather than working with law enforcement in a way that we would expect our citizens to do.
>
> THE COURT: Very well. Thank you counsel for your comment.

---

[1]Specifically, the plea agreement stated that: "The government will not object to my motion for a downward departure based on my claims of extreme emotional distress at the time of the offense for which I am pleading guilty." Appellant's Br. Attachment E at 4.

-3-

Is there any legal reason why sentence should not be imposed at this time?

[Defense Counsel]:   No.  But I would pose an objection, Your Honor.  Under our plea agreement, the United States agreed to remain silent during this motion.  I'm a little concerned about them going back on the agreement.

[Prosecutor]:   Your Honor, I don't know if we're – I mean to the extent we're addressing the motion, I think I made it clear to the Court that we wouldn't take a position.  With respect to issues of sentencing, I didn't make such an agreement.  And I think –

THE COURT:   I think it says – I believe – I don't know, counsel.  It seems to me that the government did not object to your motion for downward departure.  But where does it say they will remain silent?

[Defense Counsel]:   I assumed an objection of silence was the same.

THE COURT:   He didn't object, but he did have some comment with respect to sentencing matters.  So I don't see anything wrong with counsel's comments, which I think are accurate.

R. Vol. V at 8-10.

Martinez's sentencing guideline range was 46 to 57 months.  The court sentenced him to the low end of the range, 46 months, but denied his motion for downward departure stating:

The reason for the sentence . . . is because Mr. Martinez has an extensive criminal record with numerous episodes involving violence in connection with gang related activities.  Although there appears to be some mitigation associated with the physical injuries sustained by Mr. Martinez which preceded his acquisition of the firearm, the psychological report or evaluation in the view of the Court does not

support a departure and also a departure based upon diminished capacity.

A sentence, it appears to me, at the top end of the guideline is warranted. However, the mitigating circumstances which, [defendant's] counsel, you have pointed out, appear to also support a recommendation for a sentence at the middle or low end of the guideline range, and I'm coming in at the low end, as you noted, of the guideline range for sentencing.

R. Vol. V at 13-14.

## ANALYSIS

On appeal, Martinez argues that he gave "up an insanity plea with the understanding that he could assert, without government opposition, a downward departure on the grounds of extreme emotional distress . . . [but] [t]he prosecutor's remarks [at sentencing] totally undercut the motion." Appellant's Br. at 10. He contends that the plea agreement should be set aside, and that the charges against him should be dismissed for violation of his right to a speedy trial.

Whether government conduct violates a plea agreement is a question of law that we review de novo. See United States v. Brye, 146 F.3d 1207, 1209 (10th Cir. 1998). To determine whether a violation occurred, we "examine the nature of the government's promise" and "evaluate this promise in light of the defendant's

reasonable understanding of the promise at the time the guilty plea was entered." Id. at 1210.

We apply general contract law principles, looking to the express language of the agreement, to determine the nature of the government's obligations in a plea agreement. See id. However, we will not allow the government to achieve indirectly what the agreement prohibits expressly. See United States v. Hand, 913 F.2d 854, 856 (10th Cir. 1990) (government cannot avoid obligations by relying on "a rigidly literal construction of the language of the agreement").

In this case, the government agreed not to "object to [Martinez's] motion for a downward departure based on [his] claims of extreme emotional distress at the time of the offense." Appellant's Br. Attachment E at 4. Thus, Martinez should have reasonably understood the agreement to preclude only a government objection – direct or indirect – to his emotional distress departure motion.

The prosecutor's comments during the sentencing colloquy addressed sentencing generally and were not directed toward the issue of Martinez's emotional distress. Furthermore, the record shows that the district court did not interpret the prosecutor's comments as an objection to a downward departure. The court expressly stated that it considered the prosecutor's statements as simply a "comment with respect to sentencing matters." R. Vol. V at 10. The court denied Martinez's downward departure motion because the psychological

evaluation did not support such a departure. This stated reason was unrelated to the prosecutor's comments.

In sum, we conclude that the government did not breach its plea agreement. Accordingly, that agreement and Martinez's guilty plea remain intact. Because Martinez waived his right to appeal the speedy trial issue in the plea agreement, see Appellant's Br. at 9, he cannot claim a speedy trial violation here on appeal, see United States v. Gines, 964 F.2d 972, 977 (10th Cir. 1992) (defendant waived right to a speedy trial when he pleaded guilty).

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge