**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL LOPEZ, a/k/a Droopy,

    Defendant - Appellant.

No. 17-1370
(D.C. No. 1:15-CR-00272-REB-12)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

    Daniel Lopez pleaded guilty to conspiring to distribute methamphetamine. In exchange, the government agreed, among other things, that it would recommend his federal sentence run concurrently with Mr. Lopez's state sentences. Mr. Lopez claims he was deprived of the benefit of that bargain. Although the prosecutor at his sentencing hearing nominally recommended that Mr. Lopez's sentence run concurrently to any other sentences, the recommendation was unenthusiastic, at best.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

Mr. Lopez now appeals, asserting—for the first time—that the prosecutor's tepid recommendation breached the plea agreement. Because he failed to make this argument to the district court, we review only for plain error. And because Mr. Lopez is unable to show there is a reasonable probability that, but for the alleged error, the result of the proceeding would have been different, he cannot prevail under a plain error analysis. Therefore, we affirm the district court's judgment.

## I.    BACKGROUND

The facts are not in dispute. Mr. Lopez is a career drug dealer who has accrued five felony drug convictions. In this case, he pleaded guilty to conspiring to distribute methamphetamine. The government agreed to a 243-month sentence in a Rule 11(c)(1)(C) plea agreement. The government agreed to "recommend this sentence run concurrent[ly] with any other pending or imposed sentence." ROA vol. 3, at 9.

The district court accepted Mr. Lopez's guilty plea at a March 2016 change-of-plea hearing. For reasons not apparent from the record, the sentencing hearing was not held until October 2017, and a different attorney appeared on behalf of the government.

At the sentencing hearing, the district court asked whether the government wished to be heard on the appropriate sentence. The new prosecutor chose to make a statement. In the course of doing so, he cast aspersions on the parties' plea deal—making sure to distance himself from his predecessor's agreement—but at least nominally recommended that Mr. Lopez's sentence run concurrently with any other pending or imposed sentence:

> Now, the Court is well aware I did not negotiate this plea agreement,
> and I am bound by the terms, obviously, under those terms, but that's what

I'm bound to do. I would note this individual is getting a very sweet deal, a very sweet deal for the nature of his conduct. . . .

. . . .

Now, with respect to the ultimate sentence imposed, obviously we've agreed to a 243-month sentence. That's what I'm going to recommend. The plea agreement sets out in paragraph 5 of the addendum, and I quote, 'The Government further agrees it will recommend the sentence run concurrent with any other pending or imposed sentence. Obviously, however, this recommendation will not be binding on the Court.'

Because of that, I do feel bound to recommend that the 32 months defense counsel spoke about be taken off and the seven other months in the Adams County case that defense counsel referenced also be taken off of the sentence. I feel duty bound to do that. I'm honoring the language of the plea agreement. Whether or not I negotiated that is a different story. Because I am bound by that, that's what I will honor because I never want to be viewed as breaching a plea agreement. I will also make th[e] recommendation it be lessened by 39 months and bring it down to a sentence of 206 months, if my math is correct.

I want the Court to understand the Government's perspective about who sits before them. An individual who has been a committed drug trafficker his entire life, criminal conduct his entire life and, in the Government's view, has not changed. Thank you.

ROA vol. 4, at 19–20.

Mr. Lopez's counsel did not object to the prosecutor's comments. And at no time did Mr. Lopez or his counsel argue to the district court that the prosecutor breached the plea agreement. The district court sentenced Mr. Lopez to 243 months' imprisonment. Notwithstanding the government's recommendation, the court ordered that the federal sentence would run consecutively to any previously imposed sentences. Once again, Mr. Lopez did not object.

3

This appeal followed. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's judgment under plain error review.

## II.  ANALYSIS

### A.  *Standard of Review*

"Where the government obtains a guilty plea predicated in any significant degree on a promise or agreement with the prosecuting attorney, such a promise must be fulfilled to maintain the integrity of the plea." *United States v. Hand*, 913 F.2d 854, 856 (10th Cir. 1990). Generally, "[w]hether government conduct has violated a plea agreement is a question of law which we review de novo." *United States v. Brye*, 146 F.3d 1207, 1209 (10th Cir. 1998) (quotation marks omitted). "To determine whether a breach has, in fact, occurred, we apply a two-step process: (1) we examine the nature of the government's promise; and (2) we evaluate this promise in light of the defendant's reasonable understanding of the promise at the time the guilty plea was entered." *Id.* at 1210. "The government owes the defendant a duty to pay 'more than lip service' to a plea agreement." *United States v. Cachucha*, 484 F.3d 1266, 1270 (10th Cir. 2007) (quoting *United States v. Saxena*, 229 F.3d 1, 6 (1st Cir. 2000)). "We will not allow the government to rely upon a rigidly literal construction of the language of the agreement to escape its obligations under the agreement." *Brye*, 146 F.3d at 1210 (internal quotation marks omitted). "A plea agreement may be breached when '[t]he government's attorney . . . [i]s not only an unpersuasive advocate for the plea agreement, but, in effect, argue[s] against it.'" *Cachucha*, 484 F.3d at 1270 (alterations in original) (quoting *United States v. Grandinetti*, 564 F.2d 723, 727 (5th Cir. 1977)).

4

Because Mr. Lopez's counsel did not object to the alleged breach of the plea agreement, "appellate-court authority to remedy the error . . . is strictly circumscribed," *Puckett v. United States*, 556 U.S. 129, 134 (2009), and we review only for plain error, *United States v. Bullcoming*, 579 F.3d 1200, 1205 (10th Cir. 2009). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mendoza*, 698 F.3d 1303, 1309 (10th Cir. 2012) (quotation marks omitted). "Meeting all four prongs is difficult, 'as it should be.'" *Puckett*, 556 U.S. at 135 (quoting *United States v. Dominguez Benitez*, 524 U.S. 74, 83 n.9 (2004)).

## B. *Discussion*

### 1. Waiver

Mr. Lopez's opening brief requested de novo review. In response, the government principally argues that "[b]y failing to argue for plain error review, [Mr.] Lopez has waived the issue that he raises on appeal." Appellee's Br. at 3. Alternatively, the government argues Mr. Lopez is unable to meet the first three prongs of plain error review.

"Generally, the failure to argue for plain error and its application on appeal marks the end of the road for an argument for reversal not first presented to the district court." *United States v. Kearn*, 863 F.3d 1299, 1313 (10th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 2025 (2018). Although normally arguments not made in an opening brief are deemed waived, we have said that a criminal defendant's "advancement of a plain error argument in [a] reply brief is sufficient to permit us to

5

consider the argument under plain error review." *United States v. Chavez-Morales*, 894

F.3d 1206, 1214 (10th Cir. 2018).

Mr. Lopez filed an optional reply brief, in which he addressed the standard of

review in the first paragraph:

> Even under a plain-error review standard, the result is the same as it would
> be under a de novo standard: the Government breached the plea agreement.
> The District Court's allowance of the Government to breach the plea
> agreement was [1] an error, [2] an error which was plain, [3] it affected Mr.
> Lopez' substantial rights including his due process rights and right to a jury
> trial, and [4] the Government's obvious breach of the plea agreement with
> its deprivation of Mr. Lopez' rights had a clear and serious adverse impact
> on the fairness, integrity and public reputation of judicial proceedings.

Appellant's Reply Br. at 1. This formulaic recitation of the four prongs of plain-error

review is nearly the entirety of Mr. Lopez's plain-error argument. His reply brief does not

use the words "plain" or "substantial" again until the last paragraph of his argument:

> Regardless of the standard of review, whether de novo or plain error, the
> result is the same. The Government [1] breached the plea agreement, and in
> so doing the Government [3] violated Mr. Lopez' substantial rights
> including his constitutional rights. The breach violated Lopez' due process
> rights under the Fifth Amendment to the United States Constitution, and
> given the fact that Lopez waived his right to a jury trial under the plea
> agreement, the Government's breach thereof violated [Mr.] Lopez' Sixth
> Amendment right to a jury trial.

*Id.* at 6–7.

We are unconvinced Mr. Lopez managed to sufficiently "argue for plain error *and*

*its application*," even in his reply brief. *Kearn*, 863 F.3d at 1313 (emphasis added); *see*

*also United States v. Mejia-Rios*, ___F. App'x ___, 2018 WL 3385373, at *5 (10th Cir.

July 11, 2018) (holding that appellant waived his arguments on appeal where plain-error

review applied and that he did not "adequately address[ ] all four plain-error prongs").

6

But even if Mr. Lopez had adequately briefed his plain error argument, he cannot prevail on the merits.

## 2. Plain-Error

To prevail on plain error review, Mr. Lopez must meet each prong of the plain error analysis: that there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. In the absence of any one of these factors, his claim fails. *See United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012) ("Because all four requirements [of plain error] must be met, the failure of any one will foreclose relief and the others need not be addressed."). Here, we need not decide whether the government plainly violated Mr. Lopez's plea agreement (thus satisfying prongs one and two), because Mr. Lopez is unable to "show that this breach violated his substantial rights." *Mendoza*, 698 F.3d at 1310.

"An error only affects substantial rights when it is prejudicial, meaning that there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *Id.* (quotation marks omitted). Mr. Lopez asserts the alleged breach affected his "substantial rights including his due process rights and right to a jury trial." Appellant's Reply Br. at 1. Later, he clarifies that the government's conduct "violated [Mr.] Lopez' due process rights under the Fifth Amendment . . . , and given the fact that [he] waived his right to a jury trial under the plea agreement, the Government's breach thereof violated [his] Sixth Amendment right to a jury trial." *Id.* at 7–8. Mr. Lopez's arguments, however, fail to address the relevant issue—whether in the absence

7

of the challenged error, "the result of the proceeding would have been different." *Mendoza*, 698 F.3d at 1310. By invoking the Sixth Amendment, Mr. Lopez appears to suggest that, had the district court concluded the government breached the plea agreement, he would have been relieved of his guilty plea and may have exercised his right to a jury trial. But that argument misapprehends the focus of our inquiry. "[T]he question with regard to prejudice is not whether [the appellant] would have entered the plea had he known about the future violation. When the rights acquired by the defendant relate to sentencing, the 'outcome' he must show to have been affected is his sentence." *See Puckett*, 556 U.S. at 142 n.4 (citation omitted). Mr. Lopez's argument is also inconsistent with his request for relief—that we reverse his sentence and remand for resentencing.

Here, the appropriate question under prong three of the plain error analysis is whether "there is a reasonable probability that, but for the error claimed," *Mendoza*, 698 F.3d at 1310, Mr. Lopez's sentence would have been lower. Mr. Lopez has not even attempted to make that showing. Nor could he, for the record belies any "reasonable probability" that the sentencing court would have imposed "a lesser sentence absent the government's breach." *Id.* The sentencing court expressly and emphatically explained that it viewed the sentence imposed as barely acceptable, even with the federal and state sentences imposed to run consecutively:

I struggled about whether or not to approve this plea agreement. 243 months[1] for this crime committed by this criminal? *The sentence is almost criminal. . . .*

Well, I'm going to approve the plea agreement, and I'm going to impose a sentence of 243 months as the parties negotiated, as the parties agreed, *and I'll hold my nose as I do that. . . .*

. . . .

Here, the sentence has to focus on the seriousness of the offense at issue. *243 months barely satisfies that statutory requirement and need. . . .*

. . . .

So in terms of punishing the seriousness of the offense, promoting respect for the law, protecting the public from additional crimes of Mr. Lopez, which is both predicted and predictable, in deterring not only Mr. Lopez, but others who are similarly situated and inclined, and to avoid sentencing disparities within this case itself because I've now sentenced over a dozen of the other co-defendants in this case, I've listened to the evidence presented during the trial of defendant No. 13, Mr. Jorge Loya-Ramirez. For that, I exercise my discretion to impose a sentence of 243 months consecutively to any previously imposed sentence . . . . Only a total sentence of 243 months comes close to satisfying and vindicating the important needs and requirements of the federal sentencing statute at 18 U.S.C. Section 3553(a). *Even a day less is an insult to that federal sentencing statute.*

ROA vol. 4, at 24–26 (emphases added).

For Mr. Lopez to prevail, we must be convinced there exists a "reasonable probability" that Mr. Lopez would have received a lower sentence from this judge had the prosecutor not breached the plea agreement. "[A] reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Bustamante-Conchas*, 850 F.3d 1130, 1138 (10th Cir. 2017) (en banc) (quotation marks

---

[1] Mr. Lopez's guideline range was 324 to 405 months.

omitted). On this record there is no reasonable probability that Mr. Lopez would have received a lower sentence had the district court heard a more enthusiastic recommendation for concurrent sentences from the government. *See Mendoza*, 698 F.3d at 1310 (holding that there was no reasonable probability of a lesser sentence where the sentencing court "was quite clear that it considered [the sentence imposed] to be 'a bargain, relatively speaking'"). Where, as here, the challenged error "did not 'affec[t] substantial rights,' the Court of Appeals ha[s] no authority to correct it." *United States v. Olano*, 507 U.S. 725, 741 (1993). Mr. Lopez's challenge fails on the third prong of plain-error review.

## III.  CONCLUSION

For the above reasons, we uphold the district court's acceptance of Mr. Lopez's plea and AFFIRM its judgment.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

10